(December 23, 1897.)

## BERRY v. G. V. B. MINING COMPANY.

[51 Pac. 746.]

TAXING COSTS — COST-BILLS. — Plaintiff, having obtained judgment against the defendant, filed his cost-bill; within five days thereafter the defendant served notice of motion to strike the defendant's cost-bill from the files, on the ground that it was not itemized, as required by law, and in the event of such motion being overruled, that the costs be taxed, which motion was supported by affidavit; the trial court overruled "said motion," defendant appealed, and on appeal plaintiff contended that the trial court had not acted on the motion to tax costs. *Held,* that the trial court had overruled the motion to tax costs.

KEEPER'S FEES—WHEN CAN BE RECOVERED.—Keeper's fees can only be allowed by order of court, and the prevailing party is not entitled to recover keeper's fees that have not been allowed by order of court.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

A. F. Montandon, for Appellant.

The right to costs is statutory, and while in this state a liberal construction obtains, a liberal construction does not mean a doing away of the statute. A substantial compliance therewith ought to be imposed in all cases. Section 4912 of the code as amended, provides in express terms that a party who claims his costs must file with the clerk, and serve upon the adverse party, a copy of a memorandum of the items of his costs and necessary disbursements, etc. The statute says he shall furnish a memorandum of the items. The items mean the details going to make totals, and not totals. Had the statute meant totals, or lump sums, it would have said it, but it said the other way; and we submit the motion to strike out ought to have been sustained. (*Cole v. Ducheneau,* 13 Utah, 42, 44 Pac. 92; *Walker v. Goldsmith,* 16 Or. 161, 17 Pac. 865.) The item charged for keeper's fees, subdivision 3 of section 2 of the act of March 13, 1891, providing for sheriff's compensation, reads as follows: "For his trouble and expense in taking and keeping possession of and preserving property under attachment or execution, or other process, such sum as the court may order."

Lyttleton Price, for Respondent.

This is an appeal from an order refusing to set aside a cost bill. It is not an appealable order. This is not an appeal from the judgment, bringing up the order incidentally. The transcript does not contain the judgment-roll. It therefore does not come up here as an "intermediate order which involves the merits, and necessarily affects the judgment." The proper course would have been to appeal from the judgment raising the question of the correctness of the taxation by a statement (or bill of exceptions) annexed to the judgment-roll. (*Levy v. Getleson,* 27 Cal. 688; *Stevenson v. Smith,* 28 Cal. 103, 87 Am. Dec. 107; *Lasky v. Davis,* 33 Cal. 677; *Votan v. Reese,* 20 Cal. 90; *Flubacher v. Kelly,* 41 Cal. 441.)

QUARLES, J.—The plaintiff below (respondent here) obtained judgment, and filed his memorandum of costs and disbursements. Within five days thereafter, the defendant (appellant here) served and filed notice of motions, which were, in effect (1) to strike plaintiff's memorandum of costs from

the files; or, failing in that (2) that the costs be taxed by the court. In support of the motion, defendant filed the affidavit of H. K. Thurber, in which it is stated that the amount of costs in the said memorandum are excessive, and not necessarily incurred in the action, and states matters tending to show that the sheriff's fees only amounted to a few dollars. The items contained in said memorandum are as follows, to wit: "Sheriff's fees, $182.80." "Clerk's fees, $22.30." "(Keeper's fees, included in sheriff's fees above stated, fifty-two days, $156.00.)" It does not appear from the memorandum of costs, or from the affidavit verifying same, or from the evidence heard on the motion, that the court had made any order allowing keeper's fees. The sheriff is only entitled to such keeper's fees as may be allowed by order of court, not to exceed three dollars per day. (See Act March 13, 1891; Acts 1891, p. 175.) If none had been allowed, then the item for keeper's fees was improperly in the said memorandum of costs.

Appellant contends that said fee bill is not itemized as required by law, inasmuch as the sheriff's fees are given in one lump sum, and the clerk's fees in one lump sum. The memorandum should have shown, separately from the sheriff's fees proper, the keeper's fees that had been allowed by order of court, if any. We do not think that the prevailing party is required by the statute to show in his cost-bill each specific item paid to the clerk or sheriff, and that it is sufficient to give the fees to each in a lump sum as one item, with the exception of keeper's fees to the sheriff. Both parties have access to the files of the action, and the party who must pay the costs may obtain an itemized statement from the sheriff and clerk, and the files should show what services have been performed by each of said officers.

The respondent contends that the motion of appellant was to strike the cost-bill, and that this motion was properly denied. We think that the application made by appellant to the trial court was for two different and specific things or relief—to strike the cost-bill if the court would do that, and, if the court would not do that, then that the court tax the costs. The court denied all of the relief asked by the appellant. The order made by the court is rather vague (the appellant is not re-

sponsible for that), but the effect of it was to deny all relief to the appellant. We think it was the duty of the lower court, on the application and showing made, to tax the costs, and allow to the plaintiff such legal costs as he had necessarily incurred in the action, and no more. · Sheriffs and clerks are officers of the district court, and when the fees that they have charged a party is attacked as excessive, the court can require of them an itemized statement of their fees on motion to tax in any given case, but it would make cost-bills too long to set forth therein each item of fees of sheriff and clerk. The provisions of our code relating to costs were intended to give to the successful party—the one who is in the right—those costs which he necessarily incurred in enforcing his rights. But, to prevent extortion and oppression by successful litigants and officers of the court, it is provided that the costs shall be taxed by the court on application duly made, when it is shown that the cost-bill is erroneous. The order appealed from is reversed, and the cause is remanded to the district court, with instructions to proceed and tax the costs allowable to plaintiff, in conformity to the views herein expressed.

Sullivan, C. J., and Huston, J., concur.