(May 23, 1921.)

## P. H. COSNER, Respondent, v. UNITED MINES COMPANY, a Corporation, Appellant.

[198 Pac. 472.]

KEEPERS' FEES—CLAIM FOR WAGES—DEMAND—ATTORNEY'S FEES.

1. An allowance of $4.00 per diem each for two keepers for keeping possession of and preserving property under attachment is in conflict with C. S., sec. 3704, which provides "that no more than $3.00 per diem be allowed to a keeper." In this case $3.00 per diem for one keeper will be allowed, although the trial court made no order allowing keepers' fees, inasmuch as appellant does not question such allowance.

2. Where in a claim for wages no demand is made in writing by plaintiff in accordance with the provisions of C. S., sec. 7380, it is error to allow attorney's fees to plaintiff.

APPEAL from the District Court of the Fourth Judicial District, for Camas County.  Hon. H. F. Ensign, Judge.

Motion by defendant to tax costs.  Motion denied.  Defendant appeals.  *Reversed.*

D. W. Zent, for Appellant.

The court erred in allowing keepers' fees to two keepers and allowing keepers' fees in the sum of $4 per day each (C. S., sec. 3704) ; and in allowing attorney's fees to respondent (C. S., sec. 7380).

R. M. Angel, for Respondent, cites no authorities.

DUNN, J.—This is an appeal from the order of the trial court, made after judgment, denying the motion of appellant to tax the costs herein, and also denying the motion of appellant for a continuance of the hearing of said motion.

Appellant assigns three errors: First, the allowance of fees for two keepers at $4 per day each; second, the allowance of attorney's fees to respondent; third, the denying of appellant's motion for continuance.

C. S., sec. 3704 (C. L., sec. 2122) provides that the sheriff may demand and receive "for his trouble and expense in taking and keeping possession of and preserving property under attachment or execution, or other process, such sum as the court may order: *Provided,* that no more than $3 per diem be allowed to a keeper."

The respondent in his cost bill claims $8 per day for 116 days for two watchmen, making a total of $928.  It may well be questioned whether respondent could legally claim any allowance for such services, there being no evidence in the record that the court at any time made an order allowing keepers' fees (*Berry v. G. V. B. Mining Co.,* 5 Ida. 691, 51 Pac. 746).  However, as appellant does not resist the allowance of $3 per day for one keeper, but concedes the

correctness of the allowance of that sum, the charge for keeper to the amount of $348 may stand in this case.

In the affidavit of counsel for appellant filed in support of his motion to tax costs, it is alleged that "no demand was made as required by law before the commencement of this action on his claim for wages due," and this is not controverted by the respondent. The allowance for attorney's fees on the three causes of action for wages should therefore have been disallowed. (C. S., sec. 7380 (C. L., sec. 5148a) ; *Griffith v. Montandon*, 4 Ida. 75, 35 Pac. 704.)

On the showing contained in the record we cannot say that the trial judge abused his discretion in denying appellant's motion for continuance of the hearing of his application for the taxation of costs.

The order appealed from is reversed in the two particulars mentioned herein and the trial court is directed to modify its judgment by disallowing the item of $125 for attorney's fees and reducing the item of $928 for keepers to $348. Costs awarded to appellant.

Rice, C. J., and Budge, McCarthy, and Lee, JJ., concur.