## BAKER ET AL. v. CRABB ET AL.

1. **Appeal:** PRACTICE: MOTIONS WHICH BECOME IMMATERIAL. Where the judgment appealed from must be affirmed upon the undisputed facts of appellant's abstract, a motion, submitted with the cause, to strike out other portions of such abstract, will not be considered.

2. **Tax Sale and Deed:** NOTICE TO REDEEM: EVIDENCE OF PROOF OF SERVICE: PRESUMPTION FROM DEED. At the time the notice of the expiration of the time for redeeming the land in question from a tax sale was given, it was taxed to *E. S.* Baker, a non-resident of the county. After the treasurer's deed was issued, no affidavit made by the holder of the tax sale certificate, his agent or attorney, showing service of the notice upon said Baker, nor any record thereof, was found in the treasurer's office, but an affidavit of the publisher of a newspaper was found on file, showing the publication of a notice addressed to *H.* Baker. On the trial of this action to set aside the deed, there was direct and positive testimony, supported by corroborating evidence, to the effect that the affidavit of the holder of the certificate was filed, making due proof that E. S. Baker was personally served with a sufficient notice in the county, while on or near the land. *Held* that, under Code, § 897, the deed itself raised a presumption of due service, and proof of service, of such notice, and that, if the absence from the record in the treasurer's office of any proof of such service is to be regarded as evidence tending to negative the presumption arising from the deed, such evidence was overcome by the testimony of service above referred to.

3. ———: ———: ———: COPY OF AFFIDAVIT OF SERVICE: TREASURER'S RECORD WANTING. While the statute, Code, § 894, provides that the affidavit of service of notice to redeem from a tax sale shall be filed and entered of record in the treasurer's office, a failure of the treasurer to so enter it will not defeat the tax deed issued upon such proof of service; and where the affidavit itself is also missing from the office, the fact of filing it may be proved by parol, and the contents of it, as of any other lost paper, may be shown by a proved copy; and such proof, taken in connection with the presumption arising from the deed itself, (see *Fuller v. Armstrong*, 53 Iowa, 683,) is *held* to support the tax deed assailed in this case.

### *Appeal from Marion Circuit Court.*

### WEDNESDAY, DECEMBER 14.

ACTION to recover the possession of lands, and damages for the rents and profits thereof, and for timber taken therefrom.

and to enjoin defendants from further cutting and removing timber from the lands. There was a decree and judgment against plaintiffs in favor of an intervenor. Plaintiffs appeal.

*Stone & Gamble*, for appellants.

*L. Kinkead*, for appellees.

BECK, J.—I. It appears probable, in view of the allegations of the petition, that the action was commenced at law. It seems to have been conducted and tried, and is now regarded by the parties, as an action in chancery, triable *de novo* in this court. It will be so regarded in the disposition of it here. The petition seeks to recover the lands, and damages for rents and profits, and for timber taken by defendants. The plaintiffs claim as the heirs at law of E. H. Baker, who died seized of the land. The defendants claim the lands under a tax sale and deed. Vina McBride intervenes, claiming to have acquired title to the lands under an execution sale thereof, on a judgment against defendants, and a sheriff's deed executed in pursuance thereof. The case is presented to us in fifteen separate printed volumes or pamphlets, varying from two to seventy-five pages. These contain the abstract, amended abstract and additional abstracts of the record, motions and amended motions, and arguments of counsel upon the various aspects of the case. The motions are to strike portions of the plaintiff's abstract, and to affirm

1. APPEAL: practice : motions which become immaterial.

the judgment of the court below, and were submitted for decision with the case. We find it unnecessary to pass upon these motions, for the reason that, in our opinion, the judgment of the circuit court ought to be affirmed on the merits, in consideration of the facts shown by plaintiff's abstracts, and not disputed, but admitted in argument by counsel on both sides.

II. It is shown that plaintiffs claim under the patent title, and that defendants' and the intervenor's title is based

upon a tax deed made upon an assessment and sale of the lands for taxes, while they were owned and held by plaintiffs' ancestor. The decision of the case turns wholly upon the validity of the tax title under which defendants claim. The grounds upon which the objections urged by plaintiffs to the tax title are based are these: The lands were taxed to plaintiffs' ancestor. They were sold for delinquent taxes, and, in 1881, at the time prescribed by the statute, a treasurer's deed was executed to the assignee of the purchaser. In 1885 another treasurer's deed was made to the same person, for what reason we need not inquire. These deeds, it is insisted, are void, upon the ground that the notice of the expiration of the time for redemption required by Code, § 894, was not lawfully given. Whether this position be sound as to the first deed we will now proceed to inquire. Code, § 894, provides for notice of the expiration of the time for redemption, and the service thereof, in the following language: "After the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided by law for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire, and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service thereof. Service may be made upon non-residents of the county by publishing the same three times in some newspaper printed in said county, and if no newspaper is printed in said county, then in the nearest newspaper published in this state. But any such non-resident may file with the treasurer of the county a written appointment of some resident of the county where his lands or lots are situated, as agent upon

whom service shall be made, and in such case personal service of such notice shall be made upon said agent. Service shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed. Such affidavit shall be filed by said treasurer, and entered upon the records of his office, and said record or affidavit shall be presumptive evidence of the completed service of notice herein required, and, until ninety days after the service of said notice, the right of redemption from such sale shall not expire. * * *"

When the notice of expiration of the time for redemption was given, plaintiff's ancestor, to whom the lands were taxed, did not reside in the county. The lands at that

2. TAX sale and deed: notice to redeem: evidence of proof of service: presumption from deed.

time were in the possession of one Wakefield. A notice was served upon plaintiffs' ancestor by publication, which counsel for plaintiffs insist is insufficient, for the reason that proof of service thereof is shown alone by the affidavit of the publisher of the newspaper in which it was printed, and not by the affidavit of the holder of the certificate, his agent or attorney, as required by Code, § 894. Such an affidavit was not found in the proper custody, or elsewhere, nor was any record thereof found. The deed operates as presumptive evidence that the notice was given. (Code, § 897; *Fuller v. Armstrong*, 53 Iowa, 683.) There is no evidence before us contradicting the presumption created by the deed, unless the fact that no affidavit or proof of service made by the holder of the certificate is found either upon the files or upon the record is such evidence. If this fact is to be regarded as evidence contradicting the presumption raised by the deed, —a question we do not decide,—such evidence is overcome by positive and direct testimony which we find in the record, showing that the affidavit of the holder of the certificate, making due proof of service of the notice, was filed, which is

supported by corroborating evidence. We have, then, the presumption arising on the deed, together with the positive and direct evidence of the fact that the required affidavits were filed, which outweigh any inference arising from the absence of the affidavits from the files, and the fact that no record thereof was made or is found. But counsel for plaintiffs insist that the record of the case shows that the notice published in the newspaper was not addressed to plaintiffs' ancestor by his correct name, E. S. Baker, and in fact was addressed to H. Baker, and that, for this misnomer, the notice is void. Let counsel's position be admitted for the purpose of the case. The deed raises the presumption that a lawful notice was given. Such notice need not be by publication exclusively, but may be served personally. The language of Code, § 894, authorizing such notice, does not prescribe that personal service may not be made. It prescribes that the notice shall be served in the manner provided for the service of original notices in actions at law, which may be either by publication or upon the person, according to the residence or non-residence of defendant, and the fact that he is not found in the county. If the land-owner is found in the county, the notice of expiration of the time for redemption may be personally served upon him. The presumption of the tax deed is not exclusively restricted to service by publication, but is of lawful service in either form authorized by law. The presumption is not overcome by any evidence in the case; indeed, it is not attempted to be shown that there was no personal service of a lawful notice. On the other hand, the presumption of the deed is supplemented and supported by positive and direct evidence that proof by affidavit was filed, showing that the land-owner, plaintiffs' ancestor, was served personally in the county while on or near the land in controversy. Upon these facts and considerations, the law requires us to hold that the prescribed notice was served, and that proof thereof was made and filed in the manner prescribed by law.

III.   A notice to Wakefield, the person in possession of the lands, as to the form and substance whereof no objection is made, was served.   The proof of service is shown by the abstract as follows:

*3.* —: —: ——: copy of affidavit of service: treasurer's record wanting.

"Swan, May 18, 1881.

"I hereby accept due, legal, timely and sufficient service of the within notice on me, and waive copy.

"G. W. Wakefield."

"*State of Iowa, Marion County—ss.:*  I, Robert Anderson, being duly sworn, depose and say that on the 17th day of May, 1881, Elliott & Cathcart appointed me their agent to serve the within notice on Geo. Wakefield; that on the 18th day of May I served it on him by reading it to him and asking him to accept service, which he did by signing the acceptance on the back of this notice.

"Robert Anderson.

"Sworn to before notary public, May 28, 1881."

The service is shown by this proof to have been made, in the language of the statute just quoted, "in the manner provided by law for the services of original notices."  (See Code, § 2603.)   And the affidavit of service shows that the person making it was the agent of the holder of the tax-sale certificate, complying in this regard with the requirements of the statute above quoted.   The record thus shows that the notice required was served upon the person, and in the manner, prescribed by statute.   But the sufficiency of the service of notice is otherwise shown.   The deed is presumptive evidence of the service of notice, required by Code, § 894.   (*Fuller v. Armstrong*, 53 Iowa, 683.)

IV.   The notice served upon Wakefield, as we infer from the record, was not found, but was proved by copy, though counsel for plaintiffs say in their argument that it was found in the proper place.   It seems to have been lost from the files of the county officers, as we understand the record.   It clearly appears that this was the

THE SAME.

case with the notice directed to the person to whom the land was taxed, plaintiffs' ancestor, but it is not so clearly shown as to the notice to Wakefield. If we are correct in our inference on this point, a copy of the notice was proved, and introduced in evidence, by which the service was sufficiently shown.

V. The statute above quoted directs that the affidavit showing service shall be entered upon the record. This was not done. Upon this fact counsel for plaintiffs base an objection, claiming that a failure to comply with the statute in this regard invalidates the deed. The provision of the statute upon which counsel rely directs the treasurer as to the discharge of his duty, by providing for a record to be made of a paper, which it wisely provided shall be preserved in that manner. But the rules of the law will not defeat the rights of parties by reason of the failure of officers to discharge their duties imposed by statute. The section quoted cannot be construed to mean that the record alone shall be evidence of the service of the notice. But, indeed, on the other hand, it in express language declares that " the record or affidavit shall be presumptive evidence of the completed service of notice," thus plainly providing that the notice, as well as the record, is to be taken as evidence of the fact. If the affidavit may be admitted in evidence when the record exists, it surely may be admitted when there is no record, and if the affidavit is admissible in evidence, if lost, it may be shown by copy duly proved, under familiar rules of the law. In our opinion, the evidence sufficiently establishes that proof of service of the notices in accord with the requirements of the law, both as to the person in whose name the land was taxed and the person in possession, was filed in the proper office.

THE SAME.

These considerations lead us to the conclusion that the tax title upon which defendants rely is valid. The judgment for defendants must be

AFFIRMED.