[Civil No. 606. Filed February 23, 1898.]

[52 Pac. 471.]

FRANK H. HEREFORD, Plaintiff and Appellant, v. ELIZABETH A. O'CONNOR, Defendant and Appellee.

1. TAXES AND TAXATION—EVIDENCE—RECITALS IN TAX-DEEDS—LAWS 1893, ACT No. 84, SECS. 20 AND 22, CITED—PRIMA FACIE EVIDENCE—FILING AFFIDAVIT—NOTICE OF INTENTION TO APPLY FOR TAX-DEED —SERVICE ON OWNER.—Recitals in a tax-deed that the plaintiff and grantee has filed with the treasurer an affidavit showing that notice was served upon Katzenstein (the person owing said taxes) as is by law in such cases required, are only *prima facie* evidence, under section 22, *supra*, that an affidavit was filed, but are no evidence of the contents of the affidavit or the notice, or that the notice was served upon the owner of the property, as is required by section 20, *supra*.

2. SAME—TAX-DEEDS—SERVICE OF NOTICE OF INTENTION TO APPLY FOR —MUST BE ON OWNER.—The person to whom land is taxed is not the proper person upon whom to serve notice of intention to apply for a tax-deed when the statute requires it to be served upon the owner of the land.

3. SAME—EVIDENCE—RECITALS IN TAX-DEEDS—MUST RECITE SUBSTANCE OF AFFIDAVIT AND NOTICE.—Recitals in a tax-deed, to dispense with supplemental evidence, that notice had been served, should recite the substance of the affidavit, and the affidavit should show the contents of the notice.

4. SAME—TAX-DEEDS—JUDGMENT—AGAINST HOLDER—FAILURE TO ADJUDGE REFUND OF MONEY PAID—LAWS 1893, ACT No. 84, SEC. 26, CONSTRUED—APPEAL AND ERROR—MODIFICATION.—Where the judgment in favor of a successful claimant of land sold under tax-deed

fails to provide for payment to the holder of the tax-deed of the moneys expended by him, as provided in section 26, *supra,* it will ;on appeal, if there is no other error, be modified to that extent.

5. WITNESSES—FEES—MORTGAGE—REV. STATS. ARIZ. 1887, PAR. 1982, CONSTRUED—VOLUNTARY WITNESSES—SUBPŒNA—DUTY TO ATTEND OUTSIDE COUNTY.—The fee-bill for attendance and mileage of witnesses, paragraph, 1982, *supra,* applies only to witnesses who come in response to subpœna. Witnesses served without the county are not required to attend beyond the limits of the county where they reside, nor to obey a subpœna for attendance outside of their own county, and in attending court out of their own county their attendance is voluntary, and they are not entitled either to *per diem* or mileage.

6. SAME — SAME — SAME — PARTY — HUSBAND OR WIFE — COMMUNITY PROPERTY.—A party to a suit is not entitled to witness-fees, nor is a husband or wife entitled to fees while attending court as a witness for each other as parties in a suit involving the property of either not shown to be other than community property.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Modified.

The facts are stated in the opinion.

Frank H. Hereford, *in persona.*

"Admissions, whether of law or fact, which have been acted upon by others, are conclusive against the party making them." Herman on Estoppel and Res Judicata, pars. 764, 862, 732.

Katzenstein and those claiming under him had a right to redeem the property until notice was served and a deed applied for. There their right and interest ceased. The equitable title then vested in the purchaser. Nothing further could thereafter be done by the delinquent taxpayer. The law takes the right of further action from him and vests it in the treasurer, who, upon a proper showing, makes the transfer of the legal title. The question, under our statutes, of defects or irregularities in the affidavit is only material to the treasurer, to protect him in case the service of notice has not in fact been properly made. It is for the courts, and not for him, to try the question of service. But he would be held responsible for the issuance of the deed without a *prima facie*

showing. *Southworth* v. *Edmunds,* 152 Mass. 203, 25 N. E. 106, 9 L. R. A. 118.

"Still it is held that if a tax-deed is issued to the purchaser, although he omitted to give the proper notice, the deed is not absolutely void, but merely voidable. It will convey the title to the purchaser, but the title is not in the same condition as if the notice had been given. The purchaser now holds it subject to be defeated by subsequent redemption by the owner." Black on Tax Titles, par. 329; *Bowers* v. *Hallock,* 71 Iowa, 218, 32 N. W. 268; *Knudson* v. *Litchfield,* 87 Iowa, 111, 54 N. W. 199.

Plaintiff has sufficient title to institute this suit and obtain judgment, while the defendant has no title, according to her own evidence; for the evidence given on her side of the case shows that Katzenstein purchased at a tax-sale, with her knowledge and consent, all her title, and held it in trust for her husband, who is not a party to this suit; and that not only has her time for redemption expired, but that a deed was issued to Katzenstein. And again, defendant's defense tenders no issue on redemption.

In rendering judgment the court did not grant defendant's prayer for relief, confirming to her the contested one half of the mine. The decree was, that the deed was void and for costs, leaving the significant question as to who was the real owner of the one half in a more unsettled state than ever. Under the law the plaintiff should have had judgment, at least for taxes, penalties, and costs. Laws 1893, Act 84, sec. 26, p. 132.

"Costs are recovered in law only by force of statutes, and depend upon the terms of the statute strictly construed."

A witness attending court, and coming from beyond the jurisdiction of the court, is not entitled to fees. "And no litigant has the right to bring witnesses from beyond the limits allowed by the statutes, and by this means subject his adversary to the payment of an unnecessarily heavy bill of costs, though the witnesses themselves may be willing to attend the court." *Sapp* v. *King,* 66 Tex. 570, 1 S. W. 466; *Mylius* v. *St. Louis F. S. and W. R. Co.,* 31 Kan. 232, 1 Pac. 619; *Sherman* v. *People,* 4 Kan. 570; *Fish* v. *Farwell,* 33 Ill. App. 242; *Stern* v. *Herren,* 101 N. C. 516, 8 S. E. 221; *Wooster* v. *Hill,* 44 Fed. 819; *Roundtree* v. *Renebut,* 71 Fed. 255.

"A husband managing and conducting a suit for his wife is not entitled to witness fees, although he testifies in the case." *Freck* v. *Barclay,* 5 Pa. Dist. 587.

"One actually, if not nominally, a party in interest is not entitled to witness fees." *Leonard* v. *Smith,* 4 Pa. Dist. R. 249.

"The wife of a party to an action is not entitled to witness fees," the fees being community property. *Cole* v. *Angel,* (Tex. Civ. App.) 28 S. W. 93.

Barnes & Martin, for Appellee.

Plaintiff purchased tax-certificates on an undivided one half of the property in question in 1894 for the taxes of 1893. His tax-deed is for the one half, and is of date October 9, 1896. This is his only title.

The deed must conform to section 20 of Act No. 84, Laws of 1893. That law provides that before a purchaser shall be entitled to a tax-deed, he must, thirty days before he applies for a deed, serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice thereof, and the owner shall have the right to redeem the same before deed issues.

This is the basis of the right to the deed. It is a substantial right of the owner of the property, and cannot be dispensed with. Without that notice a deed may not issue, and is void if it issues. It is void, as a judgment would be without service of summons. It is jurisdictional. It is mandatory. Cooley on Taxation, 335, 339.

That is not all. That there may be no doubt about it, and that the evidence of the service may be preserved, the statutes (Laws 1893, Act 84, sec. 20) says: "And no deed of the property sold at a delinquent tax-sale shall be issued by the tax-collector, or any other officer, to the purchaser of such property, until after such purchaser shall have filed with such tax-collector an affidavit showing that the notice heretofore required to be given has been given as herein required, which said affidavit shall be filed and preserved by the tax-collector," etc.

The making of the affidavit showing notice and filing of the same are equally mandatory. The findings of the court and the evidence show that there never was any affidavit filed.

*Miller* v. *Miller,* 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247;
*Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619; *Holbrook* v. *Fellows,*
38 Ill. 440; *Wilson* v. *McKenna,* 52 Ill. 43.

"Statutes provide sometimes for an affidavit of service to
be filed with the officer whose duty it is to execute the tax-
deed. Such affidavit is then a prerequisite to the validity of the
tax-deed." *American Miss. Soc.* v. *Smith,* 59 Iowa, 704, 13
N. W. 849; *Ellsworth* v. *Cordrey,* 63 Iowa, 675, 16 N. W. 211;
*Smith* v. *Heath,* 80 Iowa, 231, 45 N. W. 768; *Wisner* v. *Cham-
berlain,* 117 Ill. 568, 7 N. E. 68; *Davis* v. *Gosnell,* 113 Ill. 121;
*Gage* v. *Hervey,* 111 Ill. 305; *Gage* v. *Mayer,* 117 Ill. 632,
7 N. E. 97; *Lockwood* v. *Gehlert,* 53 Hun, 15, 6 N. Y. Supp. 20.

STREET, C. J.—1. This was an action brought by Frank
H. Hereford, appellant herein, and plaintiff in the district
court, against E. A. O'Connor, appellee, to quiet title to an
undivided one-half interest in the Empire Mine, located in
Patagonia Mining District, Pima County, Arizona. The Em-
pire Mine is a patented mine, letters patent having been
issued therefor, bearing date February 17, 1877, and has
been assessed for taxes since that date. Taxes, without dis-
pute, had been paid thereon for the years 1883, 1885, 1887,
1888, 1889, and 1890, as well as for other years, while the
taxes for some other years had been allowed to go delinquent,
and at times unpaid. Plaintiff claimed through and by virtue
of a tax-deed from the county treasurer and *ex officio* tax-
collector of Pima County, dated the ninth day of October,
1896, for the consideration of $19.78, upon a sale of an undi-
vided one-half interest in said mine, on the twelfth day of
April, 1894, for taxes assessed for the year 1893. The find-
ings of fact and conclusions of law made by the trial court
are as follows:—

"First. That plaintiff bases his cause of action on the tax-
deed introduced in evidence, said deed having been issued by
the tax-collector of Pima County, Arizona, to plaintiff, Frank
H. Hereford, on the ninth day of October, 1896, for the prop-
erty described in the complaint. Second. That notice of in-
tention to apply for a deed, required to be given under
section 20 of Act No. 84 of Session Laws of Arizona for 1893,
introduced in evidence by plaintiff, did not and does not show
service of said notice as required by said section, in that no

affidavit of service of said notice was made and filed with the tax-collector before the issuance of the deed aforesaid by the tax-collector to plaintiff as required by law.

"As a conclusion of law from the foregoing facts the court finds that the deed issued by the tax-collector to plaintiff for the property described in the complaint was issued without authority of law, and is void."

2. Session Laws 1893 (Act No. 84, secs. 21, 22) provide:—

"Sec. 21. The matters recited in the certificate of sale must be recited in the deed, and such deed, duly acknowledged or proved, is conclusive evidence that: (1) The property was assessed as required by law. (2) The property was equalized as required by law. (3) The taxes were levied in accordance with law. (4) At a proper time and place the property was sold as prescribed by law, and by the proper officer. (5) The person who executed the deed was the proper officer.

"Sec. 22. Such deed, duly acknowledged or proved, is (except against actual fraud) *prima facie* evidence of all other facts therein stated, and of the regularity of all other proceedings from the assessment by the assessor up to the execution of the deed."

Plaintiff, under this law, had purchased the undivided one-half interest in the Empire Mine, for which he asked the title to be quieted, and the only evidence which he introduced of his title to such mine was said tax-deed. Among the other recitations in the deed was the following: "Whereas, the said Frank H. Hereford, the owner and holder of said certificate of sale, has filed with said party of the first part, as treasurer and *ex officio* tax-collector, as aforesaid, an affidavit showing that the notice was served upon the said Samuel Katzenstein (the person owing said taxes) on the twenty-ninth day of May, 1896, as by law in such cases required, that the said owner and holder of said certificate of sale would apply for a deed to the property so sold and purchased as aforesaid; and . . . "—which was the only evidence the plaintiff introduced to show that the notice had been served, and the affidavit filed with the tax-collector, before the issuing of the deed. Section 20 of said act provides that, if the property is not redeemed from sale, the purchaser shall have a deed reciting substantially the matters contained in the certificate; and that the purchaser, thirty days before he applies for a deed,

shall serve upon the owner or person occupying the property "a written notice, stating that said property, or a portion thereof, has been sold for delinquent taxes, giving the date of sale, the amount of property sold, the amount for which it is sold, the amount then due and the time when the right of redemption will expire and when the purchaser will apply for a deed." And it further provides: "And no deed of the property sold at a delinquent tax sale shall be issued by the tax-collector, or any other officer, to the purchaser of such property, until after such purchaser shall have filed with such tax-collector or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit shall be filed and preserved by the tax-collector as other files, papers, and records kept by him in his office." It will be observed that the matters of which the deed is conclusive evidence pertain to official acts of the assessor, treasurer, and tax-collector, while other matters recited in the deed, and which may be non-official, are shown but *prima facie* by the deed. Such matters may be rebutted, and shown not to exist, or to exist differently from the recital. The act of giving notice is non-official. It is the act of the purchaser who may be interested in giving an indifferent or ineffective notice, and making the affidavit thereof in a way to mislead. The effect of these recitals is statutory, and derived from the statute. Without the aid of statute, a tax-deed would be but a link in the title, and would have to depend upon evidence of anterior proceedings. With those statutory provisions, evidence of anterior proceedings is dispensed with, and the deed is proof conclusive of such anterior proceedings as the statute makes conclusive, and *prima facie* of all other facts in the deed stated. Blackwell on Tax Titles, sec. 845, says: "This deed, according to the principles of common law, is simply a link in the chain of the grantee's title. It does not, *ipso facto,* transfer the title of the owner as in grants from the government, or in deeds between man and man. The operative character of it depends upon the regularity of the anterior proceedings. The deed is not the title itself, nor even evidence of it. Its recitals bind no one. It creates no estoppel upon the former owner. No presumption arises, upon the mere production of the deed, that the facts upon which it is based had any existence."

Cooley on Taxation (p. 536), in speaking of the conditions imposed upon the purchaser, says: "Whatever the statute may make provision for, subsequent to the sale, in order to the protection of the interest of parties having the right to redeem, must be strictly performed. The reasons which require this are the same that render imperative a strict compliance with all those provisions which are to be observed in the interest of the taxpayer before the sale is made." Black on Tax Titles (par. 345), under the head of "Proof of Notice," says: "The burden rests upon a party asserting a title in fee by virtue of the tax certificate to prove that the notice of the time for redemption has been duly served." And in the same section, in regard to the presumptions of the facts stated in the tax-deed, he further says: "If the statute makes the tax-deed *prima facie* evidence of the regularity of all proceedings prior to its execution, it will be presumed, in the absence of a showing to the contrary, that the redemption notice was duly served upon the proper person; and this presumption, when supplemented by positive testimony showing that an affidavit making due proof of service by publication was properly filed, cannot, in the absence of contradictory evidence, be overthrown by the mere fact that the affidavit cannot be found in the proper custody, and that no record thereof was made by the treasurer, as required by the statute." And he supports this statement by citing the case of *Soukop* v. *Investment Co.*, 84 Iowa, 448, 35 Am. St. Rep. 317, 51 N. W. 167, and *Baker* v. *Crabb,* 73 Iowa, 412, 35 N. W. 484, in both of which cases supplemental evidence was given of the contents of the affidavit and the contents of the notice, which seems to make it clear that the recital in the deed to Hereford was only *prima facie* evidence that an affidavit had been filed, and was no evidence of the contents of the affidavit or the notice; and, in order to have made evidence sufficient for the court to have determined that the owner did receive notice, supplemental evidence of the fact would have been necessary in addition to the recital. By referring to the recital in the deed, it will be observed that notice was given to Samuel Katzenstein, who owed the taxes, and it was nowhere stated in any recital that notice had been served upon the owner.

The record does not disclose the fact that Samuel Katzen-

stein was the owner. It only discloses the fact that at one time he had bought the interest claimed by Hereford at a tax-sale, without there being any proof that he had acquired the title under that sale. Black, in his Tax Titles (pars. 338 and 339), in treating of persons entitled to notice, treats separately the statutes which require in the one instance the owner of the land to be served with the notice, and in the other instance the person to whom the land is taxed; and clearly shows that the person to whom the land is taxed is not the proper person upon whom to serve notice when the statute requires it to be served upon the owner of the land. Section 20 of act 84, Laws 1893, requires the notice to be served upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied. It requires the notice to be in writing, stating that the property has been sold for delinquent taxes, giving the date of the sale, and the amount of the property sold, the amount for which it is sold, the amount then due, the time when the right of redemption will expire, and when the purchaser will apply for a deed. It also provides that an affidavit shall be filed showing that such notice has been given as is required. A recital in the deed which merely states that an affidavit has been filed, without showing what the affidavit contained, would not be such a recital as would be *prima facie* evidence of any fact except the filing. To become such evidence as to dispense with supplemental evidence, the recital should comprise fully and clearly the contents of the notice. If the deed recited the substance of the affidavit, and the affidavit showed the contents of the notice, it then might be said that the recital was *prima facie* evidence that notice had been served; but a bare statement in the deed, such as was contained in the deed to Hereford, is not *prima facie* evidence of the notice and affidavit, and supplemental evidence thereof is required. For these reasons, we see no error in the findings of fact and conclusions of law made by the district court.

3. Section 26 of said act provides: "If the holder of a tax-deed, or any one claiming under him by virtue of such tax-deed, be defeated in any action by or against him for the recovery of the land sold or the possession thereof, the successful claimant shall be adjudged to pay to the holder of the tax-deed or the party claiming under him by virtue of

such deed, before such claimant shall be let into possession, the full amount of all money paid by the holder of said deed for the same, with all penalties and costs as allowed by law, including the costs of such deed, and the recording of the same, with interest at the rate of twenty per cent per annum on such amounts." This the district court, in its judgment, failed to do, and for that reason, and to that extent, the judgment will have to be modified.

4. The defendant, after succeeding in the action, filed a cost-bill, in which was included for witness fees to Stephen O'Connor, and mileage from his residence at Ringgold, state of Texas, 1,168 miles, at thirty cents per mile, and ten days' attendance upon court with the *per diem* of two dollars per day; making in all $370.40. Paragraph 1982 of the Revised Statutes of Arizona provides for witness fees as follows, to wit: "For attending to any civil suit or proceeding, for each day $2.00. Mileage counted from the residence of the witness —to be computed one way only—for each mile 30c." This fee-bill applies only to witnesses who come in response to a subpœna. Witnesses served without the county are not required to attend beyond the limits of the county where they reside, and a witness is not bound to obey a subpœna for his attendance outside of his own county. If he does attend court upon the trial of any cause out of his own county, his attendance is voluntary, and he is not entitled either to *per diem* or mileage. He can only be entitled to his *per diem* when attending court in obedience to one of its writs. It further appears from the record that O'Connor was the husband of the defendant, E. O. O'Connor, and was there as a witness in his wife's interest in property not shown by the record to have been other than community property. A party to a suit is not entitled to witness fees, nor is a husband or wife entitled to fees while attending court as a witness for each other as parties. Paragraph 2102 of the Revised Statutes of Arizona: "All property acquired by either husband or wife during the marriage," with certain exceptions therein named, "shall be deemed the common property of the husband and wife." *Cole* v. *Angel,* (Tex. Civ. App.) 28 S. W. 93. Fees allowed to either while acting as a witness for the other, when a party to the suit, would, in legal effect, be allowing witness fees to the party. Therefore, the cost bill filed by the defendant will

be retaxed, and the item of $370.40 stricken therefrom. Wherefore it is ordered that the district court so modify its judgment as to allow plaintiff, Hereford, the amount of money paid by him for the tax-deed, including the recording of the same, with interest at the rate of twenty per cent per annum upon such amount, and that the item of $370.40 be stricken from the defendant's cost-bill. In other particulars the judgment stands affirmed.

Sloan, J., Davis, J., and Doan, J., concur.