(June 16, 1906.)

## WM. S. ANDERSON, Respondent, v. FERGUSON-BACH SHEEP COMPANY, Appellant.

[86 Pac. 41.]

COSTS AND DISBURSEMENTS—MILEAGE OF WITNESSES—WITNESS' FEES FOR HUSBAND OR WIFE OF LITIGANT.

1. The party in whose favor a judgment is recovered is entitled to have costs taxed for mileage of witnesses who reside in an adjoining county and more than thirty miles from the place of trial, and who have attended the trial in response to a subpoena or on request of the party producing the witnesses.

2. Under the provisions of section 6039, Revised Statutes, a witness who resides in an adjoining county and more than thirty miles from the place of trial, is not obliged to attend in response to a subpoena; but the privilege of disobeying the subpoena is personal to the witness, and if he sees fit to waive the privilege and attend and testify, he is entitled to his mileage for actual and necessary travel within the state, the same as any other witness who has attended under compulsory process.

3. The wife of a litigant is entitled to mileage and *per diem* the same as any other witness would be for the same travel and attendance.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. George H. Stewart, Judge.

From an order taxing costs in favor of plaintiff, defendant appealed. *Affirmed.*

Richards & Haga, for Appellant.

Where a witness resides and is served out of the county and more than thirty miles from the place of trial, his mileage fees cannot be taxed against the losing party. (*Mylius v. St. Louis etc. R. Co.*, 31 Kan. 232, 1 Pac. 619; *Hereford v. O'Connor*, 5 Ariz. 258, 52 Pac. 471; *Sapp v. King*, 66 Tex. 570, 1 S. W. 466; *Marks v. Fields* (Tex. Civ. App.), 29 S.

W. 664; *Whitehead v. Breckinridge,* 5 Ind. Ter. 133, 82 S. W. 698; *Meagher v. Van Sant,* 18 Nev. 230, 2 Pac. 57.)

These cases are all squarely in point and in favor of appellant's contention upon statutes entirely similar to the Idaho statutes. (See, also, *Hereford v. O'Conner,* 5 Ariz. 258, 52 Pac. 471; *State v. Willis,* 79 Iowa, 326, 44 N. W. 699; *Fisher v. Burlington etc. Ry. Co.,* 104 Iowa, 588, 73 N. W. 1070.)

The rule in the federal courts is clearly stated in 30 American and English Encyclopedia of Law, second edition, 1176.

"The true rule as gleaned from all the authorities is substantially to the effect that the acts of Congress were intended to, and do, allow mileage to witnesses to the full extent of the distance that could be legally reached by subpoena, or, in other words, mileage is allowed to any place within the district or to any point without the district to the extent of one hundred miles from the place where the court is held." (*Eastman v. Sherry,* 37 Fed. 846; *Smith v. Chicago etc. Ry. Co.,* 38 Fed. 321.)

Where a wife is a witness on behalf of her husband, no fees, *per diem* or mileage should be taxed against the losing party.

Fees allowed to either while acting as a witness for the other, when a party to the suit, would, in legal effect, be allowing witness fees to the party. (*Cole v. Angel* (Tex. Civ. App.), 28 S. W. 93; *Hereford v. O'Conner,* 5 Ariz. 258, 52 Pac. 471.)

Perky & Blaine, for Respondent.

Statutes like our section 6039 of the Revised Statutes of 1887 are enacted for the benefit of the witness, which he can waive at will, and if he does so waive such privilege, the party procuring his attendance, if he prevails, can have his *per diem* attendance and mileage taxed as costs against the losing party. The items for the attendance and mileage of witnesses coming from beyond the limit prescribed by law as the distance within which they could be compelled to come were

properly included in the memorandum of costs claimed by the prevailing party and properly taxed as such. (*Mc-Glauflin v. Wormser*, 28 Mont. 177, 72 Pac. 428.)

Under our statute a subpoena is unnecessary, and costs could be taxed for the attendance and mileage if he came at the mere request of the prevailing party. (*Crawford v. Abraham*, 2 Or. 166; dissenting opinion of Chief Justice Hawley in *Meagher v. Van Zandt, supra; Farmer v. Storer*, 11 Pick. (Mass.) 241; *United States v. Sanborn*, 28 Fed. 299; *Christainsen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018; *Wheeler v. Lozee*, 12 How. Pr. 488.)

Under a statute like ours, where a witness living beyond the distance within which he could be compelled to attend court in answer to a subpoena appears in response thereto, and his testimony is taken at the trial, the party producing such witness is entitled, if he be successful, to have the *per diem* fees and mileage of such witness taxed against the losing party. (*Briggs v. Rumeley*, 96 Iowa, 202, 64 N. W. 784; Iowa Code of 1873, sec. 3673; Iowa Ann. Code of 1897, sec. 4660; *Alexander v. Harrison*, 2 Ind. App. 47, 28 N. E. 119; *United States v. Sanborn*, 28 Fed. 299; *Cahn v. Monroe*, 29 Fed. 675; subdivision 11 of par. 19, and authorities cited in note 44, 11 Cyc. 120, 121.)

The prevailing party, who produced his wife as a witness may tax her *per diem* and mileage fees against the losing party. (*Griffith v. Montandon*, 4 Idaho, 80, 35 Pac. 704.)

AILSHIE, J.—This is an appeal from an order taxing costs. The principal question presented for our determination is: Can a successful litigant include in his cost-bill mileage for witnesses who were subpoenaed in a county other than the one in which the trial took place, and who reside more than thirty miles from the place of trial? Section 6039, Revised Statutes, provides that: "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than thirty miles from his place of residence

to the place of trial." It is provided by section 6035, Revised Statutes, that: "The process by which the attendance of a witness is required is a subpoena." Section 6 of the act of February 10, 1889 (Sess. Laws 1889, p. 216), provides for the taking of a deposition of a witness who resides out of the county and more than thirty miles from the place of trial. Section 6139, Revised Statutes, is as follows: "Witnesses in civil actions in the district court, or before any referee or commissioners thereof, are entitled to receive three dollars per day for each day's actual attendance, and twenty-five cents per mile one way; to be taxed as costs against the losing party." The statute (Rev. Stats., sec. 4912, as amended) authorizes a party who obtains judgment in his favor to have taxed against the defendant all "items of his costs and necessary disbursements in the action . . . . necessarily incurred." · It is contended by appellant that since a witness who resides in another county and more than thirty miles from the place of trial is not obliged or compelled to attend, and since his deposition may be taken under the statute, that therefore the successful party cannot recover mileage for such witness. The respondent insists, on the other hand, that the statute exempting a witness from attending who resides out of the county, and more than thirty miles distant from the place of trial, is purely a personal privilege granted the witness, and one of which the litigant cannot take advantage, and of which no one else can complain in case the witness sees fit to waive and forego the privilege granted him.

As will be seen from the foregoing provisions of the statute, a successful litigant is entitled to recover his costs and disbursements from the defeated party. It is also provided that "witnesses" shall receive their *per diem* and mileage. No distinction is made by section 6139, Revised Statutes, among witnesses, nor is it provided that any one class of witnesses shall receive mileage and others not receive it. The statute does not require as a condition precedent to the recovery of mileage by the witness that he should have been *obliged* to attend, or that he should have been *subpoenaed*.

The only test that seems to be required is: Was he a witness? There is no doubt but that a witness who attends a trial, on the request of a litigant, from any part of the state, may recover from the party who procured his attendance a reasonable compensation therefor. If the witness can recover compensation from the litigant who procured his attendance, the sum so paid would undoubtedly be a "necessary cost or disbursement" in the action, and we can see no valid reason why the litigant, if successful, should not recover such a cost and disbursement from the defeated party.

Again, while every person is presumed to know the law, it is a matter of common notoriety that a great number of people who are subpoenaed as witnesses are not in fact aware that they are not compelled to attend if the trial is to take place beyond the county in which they reside. The service of a subpoena duly and regularly issued from a court of competent jurisdiction exerts a strong persuasive influence over the mind of the average witness, and is in ordinary instances calculated to induce the attendance of the witness, even though the litigant may not personally see him and request him to attend. We are aware of the fact that the courts, both state and federal, have held variously under similar statutory provisions, and the authorities are in irreconcilable conflict upon this question. (See 11 Cyc. 120, and notes, 40-44; 30 Am. & Eng. Ency. of Law, 2d ed., 1175, and notes, 2-9; *Raft River etc. Co. v. Langford,* 6 Idaho, 33, 51 Pac. 1027; *McLaughlin v. Wormser,* 28 Mont. 177, 72 Pac. 428; *Perry v. Howe Co-operative Creamery Co.,* 125 Iowa, 415, 101 N. W. 151; 2 Words and Phrases, 1633.) We are strongly persuaded that the purpose and intent of the statute, as well as the reason and justice of the case, demand a construction that will allow the recovery of mileage for witnesses who have attended from any point within the jurisdiction of the state. It is a self-evident proposition to every court and lawyer that the personal presence and testimony of a witness is preferable in every instance, and that depositions, on the other hand, are very unsatisfactory. If a litigant can procure the per-

sonal attendance of a witness, even though he be beyond the compulsory process of the court, so long as he is within the jurisdiction of the state, we think the courts should encourage him in attending and allow mileage therefor. Of course, fees could not be allowed for the service of a subpoena in cases where the subpoena does not amount to compulsory process, and where the witness may disregard it. It is true that mileage is excessive in this state, and that in many instances it might be very burdensome to litigants, but that is one of the necessary attendants upon litigation, and one of the burdens that must be borne by those who engage in litigation and are found to be in the wrong on the questions over which they are litigating.

It is also contended in this case that the lower court erred in allowing *per diem* and mileage in favor of respondent for the attendance of his wife as a witness on the trial of the case. Counsel cite *Hereford v. O'Connor*, 5 Ariz. 258, 52 Pac. 471, and *Cole v. Angel* (Tex. Civ. App.), 28 S. W. 93, in support of the position that neither a husband nor wife is entitled to fees while attending court as a witness for each other. This question, however, has been squarely passed upon by this court in *Griffith v. Montandon*, 4 Idaho, 80, 35 Pac. 704, where the court said: "The appellant objects to the allowance of *per diem* compensation and mileage to the mother and wife of the plaintiff, but admits that they were in actual attendance three days. Section 6139 of the Revised Statutes of 1887 provides that witnesses in civil actions are entitled to receive three dollars for each day's actual attendance, and twenty-five cents per mile one way. No exception is made because a witness may happen to be a wife or mother of the party calling them." Such fees were accordingly allowed in that case, and we see no reason for changing the rule there announced. It is ordinarily just as expensive and inconvenient for a wife or other relative to attend as a witness as it is for a stranger, and she should be allowed her mileage and *per diem* the same as any other witness. While the wife is, in a sense, interested in an action prosecuted or defended by

her husband, it is not such a legal interest as will prevent the recovery of witness fees where she is a necessary or material witness in the case. We find no error in the order and judgment appealed from and the same will be affirmed, and it is so ordered. Costs awarded in favor of respondents.

Stockslager, C. J., and Sullivan, J., concur.