[No. 8844.   Department Two.   May 24, 1910.]

THOS. A. NOON *et al.*, *Appellants*, v. J. C. MIRONSKI,
*Respondent.*[1]

LANDLORD AND TENANT—LEASE—USE OF PREMISES—RESTRICTIONS.
The statement in a lease of a storeroom that it was "for the purposes
of conducting a bakery therein," is not a restriction which would
prevent its use and occupation for the purpose of selling groceries;
since the building was adapted thereto, and the use was not ma-
terially different from the bakery business.

EVIDENCE—TO VARY WRITING—AMBIGUITY—LEASE.   A lease of
premises "for the purpose of conducting a bakery therein" is not
ambiguous so as to permit oral evidence to explain that the clause
was intended as a restriction preventing the use of the premises for
any other purposes.

COSTS—WITNESS FEES—WIFE OF PARTY.   Upon judgment for the
defendant, costs may be taxed for the witness fees of his wife, al-
though she was a competent party defendant and might have been
joined as such.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 18, 1910, upon the
verdict of a jury rendered in favor of the defendant by direc-
tion of the court, in an action of forcible entry and detainer.
Affirmed.

*Byers & Byers*, for appellants.
*Elias A. Wright*, for respondent.

DUNBAR, J.—The appellants leased a storeroom in the city
of Seattle to the respondent for the purpose of conducting a
bakery.   The respondent conducted a bakery for some time,
and finally began to sell some groceries in connection with
the bakery; at least, this is the allegation of the complaint,
and for the purposes of this case we may assume it to be
true.   The respondent was notified to quit keeping groceries
for sale, and there was some discussion backwards and for-

[1] Reported in 108 Pac. 1069.

wards between them on the subject. The appellants gave him notice to vacate the premises and, upon his failure to do so, brought suit of forcible entry and detainer, and upon the failure of the respondent to file a bond, he was evicted, and possession of the premises given to appellants. The respondent then filed his amended answer, in which he denied keeping groceries, excepting with the assent of the appellants. A reply was interposed, and the case went to trial. Appellants introduced their evidence in chief and respondent introduced his evidence, and evidence was introduced in rebuttal; when the respondent interposed a motion for an instructed verdict on two grounds: (1) that the attempted restriction in the lease for bakery purposes was not exclusive, and that the respondent was entitled to conduct any lawful business in the store-room. The second ground for the motion was not considered by the lower court, and will not be here. This motion was by the court granted, and the jury instructed to return a verdict for the respondent. Thereafter the respondent filed a cost bill in which, among other items, he taxed a witness fee for Pauline Mironski, wife of respondent. Appellants filed their motion to strike from the cost bill the item taxed as a fee for the wife of respondent, and this motion was by the court denied. The errors assigned are the refusal of the court to deny the motion in regard to the costs, and in sustaining the motion for an instructed verdict.

That portion of the lease upon which the appellants base their claim is as follows:

"That the lessor, in consideration of the covenants of said lessee hereinafter set forth, does by these presents lease and demise unto the said lessee the following described property: . . . for the purposes of conducting a bakery therein."

This is all that is said in regard to the restriction. There is in every lease, in the absence of express covenants to the contrary, an implied obligation on the part of the lessee to use the property lawfully and for lawful purposes, and to so use it as not unnecessarily to injure it, or to unnecessarily

injure the inheritance. But in the absence of special restrictions in the lease, the rule does not extend further. The general rule is announced in 18 Am. & Eng. Ency. Law (2d ed.), at page 634, as follows:

"During the existence of the lease a lessee is for all general purposes the owner of the demised premises, and may, in the absence of restrictions in the lease, put the premises to such use or employment as he pleases, not materially different from that in which they are usually employed, to which they are adapted, and for which they were constructed, but of course he must not use the premises in such a manner as to constitute waste, nor create a nuisance to the injury of the lessor with respect to adjoining property. The tenant has no right to introduce into the premises disreputable or disorderly characters, such as would tend to convert an ordinarily respectable tenement into a bawdy house or one frequented by disorderly characters, and such use of the premises may be enjoined as not within the contemplation of the parties at the time of making the lease. . . ."

Under this rule, which is established by universal authority, it is plain that the restriction expressed in the deed would not prevent the use and occupation of this room for the purpose of selling groceries; for the grocery business is not so materially different from the bakery business that it would in any manner tend to injure the premises leased or bring it into disrepute in any possible manner; and being a storeroom, it would fall squarely within the rule that it might be employed for any lawful purpose and for the purposes for which the room was constructed.

It is, however, contended by the appellants that the court erred in taking the case from the jury; that when the language of the contract is indefinite or ambiguous, it is the duty of the court to adopt the construction and practical interpretation which the parties themselves have placed upon the contract, and to enforce that construction where the language of the contract is ambiguous, and that evidence must necessarily be received to explain the ambiguity. But on

this proposition we have to say that this contract, in our opinion, is not ambiguous. All that the lessee agreed to do was to pay the stipulated rent in the manner stipulated; that he would keep the interior of the premises in good repair at his own expense, and return peaceable possession of the same at the expiration of the lease, to pay certain charges for gas, etc., and to keep the premises in a clean and wholesome condition in accordance with the requirements of the law and the ordinances of the city. All that he agreed not to do was to make alterations to the premises without the written consent of the lessor. So that the matter complained of was not included within the restrictions imposed upon the lessee and, there being no other restrictions expressed in the lease, it will be presumed that they were all the restrictions within the minds of the contracting parties. If the contract by its conditions and legal effect invests a party with a right, it is the same as if the right had been expressly stipulated in the instrument.

As to the proposition that the court erred in allowing witness fees to the respondent's wife, the appellants insist that, while probably not a necessary party to the action, she was at least a competent party defendant, and therefore ought not to be entitled to fees as a witness. But if she was a competent party, it was within the power of the appellants to have made her a party to the suit and, not having done so, they cannot now complain that the respondent, even though her husband saw fit to subpoena her as a witness in the case, and being so subpoenaed as a competent witness, there would seem to be no reason why she should not be entitled to her fees the same as any other witness.

No error appearing, the judgment will be affirmed.

Rudkin, C. J., Mount, Crow, and Parker, JJ., concur.