## I. X. L. STORES CO. v. MOON.

No. 2869.   Decided December 19, 1916.   Rehearing denied February
5, 1917.   (162 Pac. 622.)

1. SALES—CONDITIONAL SALES—REPOSSESSION OF PROPERTY BY
   VENDOR. A conditional vendor, unconditionally repossessing
   himself or the property and retaining it, although this is done
   at the request and with the consent of the vendee, waives any
   other remedy under the contract, and is precluded from main-
   taining an action upon notes for the purchase price or for the
   purchase price directly. (Page 266.)

2. TRIAL—FINDINGS—NECESSITY OF FINDINGS ON ALL ISSUES. While
   findings should be made on all issues, yet in an action on notes
   where the facts are stipulated and it is clear that plaintiff
   cannot recover for reasons not involved in the issue of payment
   upon which no finding is made, want of such finding is imma-
   terial to plaintiff. (Page 267.)

3. COSTS—WITNESSES—WITNESS FEES—WIFE TESTIFYING FOR HUS-
   BAND. Under Comp. Laws 1907, Section 3339, allowing costs to
   the prevailing party, etc., and Comp. Laws 1907, Section 994, as
   amended by Laws 1911, c. 9, allowing $2 a day witness fee, a
   wife who is not a party to an action against her husband may
   be allowed witness fees when called as a witness by him, the
   same as any other witness, and such fees may be taxed by.him
   as costs is successful in his defense. (Page 267.)

Appeal from District Court, Third District; *Hon. M. L.
Ritchie,* Judge.

Action by I. X. L. Stores Company against C. L. Moon.

Judgment for defendant. Plaintiff appeals.

*Chris. Mathison* for appellant.

*C. W. Collins* for respondent.

FRICK, J.

The plaintiff, as the successor to the I. X. L. Furniture &
Carpet Installment House, brought this action against the
defendant to recover upon two promissory notes, one for

seventy dollars and the other for thirty dollars. It is, how-
ever, alleged that the notes in question were given to plain-
tiff's predecessor, and that the plaintiff has succeeded to all of
the rights of its predecessor in the notes sued on. We shall
therefore treat this case as though the notes were originally
given to the plaintiff, and that the contract hereinafter re-
ferred to was entered into between it and the defendant. The
complaint is in the usual form in such cases. The defendant
answered, admitting the execution and delivery of the notes,
and pleaded payment thereof. He also averred in his answer
that the notes sued on were given for a part of the purchase
price of certain household goods, consisting of carpets, furni-
ture, etc.; that the defendant, at the time he purchased said
goods, paid a part of the purchase price, and gave the notes
in question for the unpaid portion thereof; that about thirty
days after said goods were purchased and delivered to the
defendant, he became convinced that by reason of being out
of work he could not pay therefor, and requested the plain-
tiff to take them back; that the plaintiff thereupon took all
of said goods, and that, at the time they were so received by
it they were in the same condition as when purchased by the
defendant. At the trial it was stipulated between the parties
that the goods were purchased upon the installment plan;
that the notes were given as part of the purchase price; that
at about the time the first installment became due the wife
of the defendant informed plaintiff that her husband was out
of work, and requested plaintiff to come and get the goods;
that plaintiff immediately sent for and took the goods from
the defendant's home. It was also conceded that when the
goods were purchased the parties entered into a certain con-
ditional sale contract, which was admitted in evidence, in con-
nection with the notes sued on. By the terms of the contract
the goods were to be paid for in installments of $17.50, pay-
able monthly, and the plaintiff retained the title thereof until
the goods were fully paid for, with the right to take posses-
sion thereof in case the defendant failed to pay any in-
stallment when due. In other words, the sale evidenced by
the contract was a typical conditional sale. The contract and
notes were dated July 29, 1910, and the goods were returned

to and received by the plaintiff within thirty days thereafter. The plaintiff retained the notes and commenced this action March 6, 1911, in the city court, from which the case was appealed to the district court. The latter court found in favor of the defendant, and entered judgment accordingly, and the plaintiff appeals.

The principal assignment of error is based upon the theory that the court erred in its conclusion of law, and in entering judgment in favor of the defendant. Counsel for appellant, in his brief, with his usual diligence, has argued a number of legal propositions, and has cited many cases in support of them. As we view the case, however, there is but one question involved on the merits of the case, which, under the undisputed, indeed, under the stipulated, facts, may be stated thus: What are the legal rights of a vendor of personal property as against the vendee in case the vendor retains the title to the property until the purchase price is fully paid and in case of default of payment of the purchase price, or any part thereof, the vendor repossesses himself of the property which is the subject of sale, either with or without the consent of the vendee? While the authorities, as may well be expected, cannot all be harmonized, yet, in our judgment, the great weight of authority is reflected in the statement contained in 1 Mechem on Sales, Sections 615, 616. After discussing the rights and remedies of the respective parties to condition sale contracts, the author says:

"615. Where, therefore, the vendee is, expressly or impliedly, entitled to the possession until default, the vendor, who would take advantage of a default, may often have a choice of remedies. Under varying circumstances, the following is open to him (1) He may treat the contract as rescinded, upon the default of the buyer, and recover his goods. If he does this, he has no other remedy. (2) He may treat the contract as in force, but broken by the vendee; he may retake and keep the goods as his own, and, if the contract imposed on the buyer an absolute obligation to buy, he may recover of the buyer damages for the breach of his agreement to buy and pay for the goods. The measure of damages will ordinarily be the difference between the contract price and the market value of the goods at the time and place of default. (3) He may, if the contract contains an unconditional agreement on the part of the vendee to pay, waive a return of the goods, treat the contract as executed on

his own part, and recover from the vendee the agreed price of the goods. (4) He may, in some cases, if the contract permits it, without rescinding or terminating the contract, hold them subject to the contract, and then enforce performance by the vendee, who, upon such performance, will be entitled to restoration of the goods.

"616. The remedies of the vendor are usually regarded as alternative and not cumulative. He has his choice, but, having elected to pursue one remedy, he cannot, it is said, afterwards abandon that and try another."

In 35 Cyc. 696, the law applicable to the facts in this case is stated thus:

"In the event of a default on the part of the buyer under a contract of conditional sale the seller has several remedies. He may retake the goods, he may sue for the price, or he may foreclose his lien. The seller cannot resort to more than one remedy, but must elect which he will pursue; and generally an action and recovery of judgment for the price operates as a confirmation of the sale, precluding the seller from maintaining an action to recover the goods. * * * On the default of the buyer the seller has the right of possession of the property and may retake the same. This right he may exercise without recourse to the courts by retaking possession, provided he can do so peaceably, or he may maintain an action of replevin or trover. If the vendee has sold the property the seller may maintain trover against him as for the conversion. On a retaking of the property by the seller, the buyer's rights therein are terminated."

In the case of *Parke* v. *White River L. Co.*, 101 Cal. 37, 35 Pac. 442, the Supreme Court of California, after construing a certain writing to be a contract of conditional sale, states the remedies of the vendor thus:

"If the money had been paid as agreed, the title would have passed to the defendants, and, the money not being paid as agreed, the plaintiff could either recover the property or sue for the purchase price. But the pursuit of one remedy necessarily excluded the other. It [the plaintiff] was not entitled both to the purchase price and the property."

The court cited *Bailey* v. *Hervey*, 135 Mass. 174, and *Butler* v. *Hildreth*, 5 Metc. (Mass.) 49. Those cases are in point, as well as a later case from Massachusetts, namely, *Frisch* v. *Wells*, 200 Mass. 429, 86 N. E. 775, 23 L. R. A. (N. S.) 144. The California case was followed by the same court in a later

case, entitled *Holt Mfg. Co.* v. *Ewing,* 109 Cal. 353, 42 Pac.
435.   In *Smith* v. *Barber,* 153 Ind. 322, 53 N. E. 1014, in
passing upon the remedies of a vendor of personal property
under a conditonal sale contract, where the vendee had made
default in paying a part of the purchase price, the court says:

"The vendor had the right of election to retake the property, or
to treat the sale as absolute, and sue for the price."

It is not deemed necessary to quote from or to cite further
cases.  We have carefully examined the cases cited by appel-
lant's counsel, and, in our judgment, they are all distinguish-
able from the cases we have quoted from and cited above.
Some of the cases cited by counsel refer to contracts where
the vendee promises to pay in a medium other than money,
but made default and returned the goods to the vendor with-
out the vendor's consent thereto, and therefore the latter
sought to recover the purchase price in money.  The case of
*Crabtree* v. *Messersmith,* 19 Iowa, 179, is such a case.  In
other cases the question was whether the vendor could sue and
recover the full purchase price in case the vendee repudiated
the contract before the time for payment by its terms had
fully matured.  It is not necessary, however, to review those
or other cases coming within those classes.

We are clearly of the opinion when the plaintiff, although
at the request and with the consent of the defendant, uncondi-
tionally repossessed itself of the property which was
the subject of the conditional sale and retained the
same, it waived any other remedy that it might have
had under the contract, and it is now precluded from main-
taining an action upon the notes or for the purchase price of
the goods.   The court, therefore, committed no error in its
conclusion of law and in entering judgment for the defendant.

What we have said as to the vendor's remedies in case of the
vendee's default of a conditional sale, and that an election
as to one remedy precludes the vendor's resort to others, is,
as all cases are, restricted to the particular facts in hand.   Of
course the vendor cannot take two bites of the same cherry.
He may not with one hand treat the contract as rescinded,
and retake the goods, and with the other treat it as in force,

and sue on it as subsisting and recover full compensation for its breaches without even offering to give credit for reasonable value of the goods taken and repossessed. As the authorities say, he may not have the goods and at the same time the full purchase price. That, in effect, is what the appellant claims, and that is what we here say and decide he may not do. Under what circumstances, without a rescission, he may retake the goods, give the vendee credit for their reasonable value and partial payments, and still recover on the contract whatever deficiency there may be, or the circumstance, though he rescinds and retakes, yet may be required to account to the vendee for the reasonable value of the goods, we do not now decide. We have no such case. Here the appellant chooses, unconditionally, to retake and repossess, and then also seeks to enforce the contract and recover full compensation thereon as though there had been no retaking. He may not do that.

The contention that the court erred in failing to make a finding upon defendant's plea of payment is not tenable. While it is true that findings should be made **2** upon all material issues, yet in a case where the facts are stipulated, and it is clear that upon those facts the plaintiff cannot recover upon other grounds than that of payment, such a finding is immaterial.

It is, however, also contended that the court erred in allowing the defendant to recover witness fees for his wife's attendance at the trial. It is insisted: (1) That the wife was in effect an interested party to the action; and (2) **3** that she has no claim for witness fees as against her husband, and therefore the husband can recover none against the plaintiff. Here again counsel has cited many cases, which with possibly one exception, can be given no effect. In *Board of Trade* v. *Hayden*, 4 Wash. 263, 30 Pac. 87, 32 Pac. 224, 16 L. R. A. 530, 31 Am. St. Rep. 919, cited by counsel, it is held that the husband and wife may not enter into a contract of copartnership. In *Heacock* v. *Heacock,* 108 Iowa, 540, 79 N. W. 353, 75 Am. St. Rep. 273, and in *Re Kaufmann* (D. C.) 104 Fed. 768, it is held that husband and wife may not enter into contracts upon all subjects as others not so related may. To the same effect are a number of other cases

cited by counsel. It is only fair to counsel to state in this connection that those cases are cited only to show that the defendant and his wife could not enter into a contract whereby he bound himself to pay for her time while attending court, and therefore it is insisted he may not recover as against plaintiff. It is now generally conceded that witness fees constitute a part of the costs, and that the matter of costs is entirely controlled by statute. Our statute (Comp. Laws 1907, Section 3339) provides:

"Costs are allowed of course to the prevailing party in the following cases: * * * In an action for the recovery of money or damages."

In view, therefore, that the defendant prevailed, he was entitled to costs. While that is conceded by counsel, yet he contends that the wife may not be allowed witness fees in an action where her husband is the defendant. Comp. Laws 1907, Section 994, as amended by chapter 9, Laws Utah 1911, p. 11, provides:

"Every witness legally required or in good faith requested to attend upon the district court * * * is entitled to $2.00 per day for each day's attendance, and twenty cents for each mile actually and necessarily traveled, in going only. * * *"

As matter of course it is generally held that a party to an action, although he may testify in the case, is not to be classified as a witness within the purview of the foregoing section, and is therefore not entitled to include fees for himself as a witness as part of the taxable costs. But we can conceive of no good reason why a wife, who is not a party to an action prosecuted against her husband, and who is called as a witness by him, may not be allowed witness fees under the foregoing statute. The Supreme Court of Washington, in a recent case, namely, *Noon* v. *Mironski* (1910) 58 Wash. 453, 108 Pac. 1069, in passing upon the question now under consideration, held:

"Where plaintiff did not make the wife of defendant a party, though she was a competent party, the wife, subpoenaed by the husband as a competent witness, was entitled to fees recoverable from plaintiff, defeated in the action."

In *Griffith* v. *Montandon,* 4 Idaho, 75, 35 Pac. 704, the Supreme Court of Idaho, under a statute like ours, in passing

upon an objection to the allowing of witness fees to a wife, said:

"The appellant objects to the allowance of per diem compensation and mileage to the mother and wife of the plaintiff, but admits that they were in actual attendance three days. Section 6139, Rev. St. 1887, provides that witnesses in civil actions are entitled to receive $3 for each day's actual attendance, and 25 cents per mile one way. No exception is made because a witness may happen to be a wife or mother of the party calling them."

The court therefore overruled the objection and allowed the fees as costs. The same question as regards the right to allow the wife witness fees in an action against her husband came before the same court in a much more recent case, to wit, *Anderson* v. *Ferguson-Bach Sheep Co.*, 12 Idaho, 418, 86 Pac. 41, 10 Ann. Cas. 395, in which case the former Idaho case is approved and followed. In the later Idaho case the case cited from Arizona by plaintiff's counsel, *Hereford* v. *O'Conner*, 5 Ariz. 267, 52 Pac. 471, which is to the contrary, is disapproved. Indeed, the Arizona case, so far as we are advised, is the only case in which a contrary conclusion is reached, and in that case the action affected community property. If it be conceded, as plaintiff's counsel suggests, that a wife may not demand pay or compensation from her husband for discharging the duties devolving upon her as a wife, yet how can it be said that if a husband is sued and he is required to defend himself or his property, that it is a part of his wife's duty to attend court as a witness in his behalf? We think that under a statute like ours, in case a husband is sued and his wife is called as a witness in his behalf, she is entitled to witness fees the same as any other witness, and that such fees may be taxed as costs. There is no contention made in this case that the wife did not actually attend court for the time for which fees were allowed. This objection must therefore likewise fail.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.