(February 13, 1894.)

## GRIFFITH v. MONTANDON.

[35 Pac. 704.]

COST BILL—ONUS OF PROOF.—When the items of a cost bill are denied by the affidavit of the party against whom such costs are claimed, the *onus* of proof is on the party claiming the costs.

MOTION TO TAX COSTS—EVIDENCE CONSIDERED.—When the record contains the statement that it contains all of the evidence considered on the hearing of a motion to tax costs, there is no presumption that the judge took into consideration certain facts of which he had actual knowledge, in the determination of such motion.

ELISOR, POWERS OF—COMPENSATION OF.—An elisor appointed to execute powers and orders of the court is invested with the powers, duties, and responsibilities of the sheriff in the performance of such duties, and is entitled to the compensation allowed the sheriff for performing them when he demands the same.

GRATUITOUS SERVICES OF OFFICER OR WITNESS CANNOT BE TAXED.— If an officer or witness expressly says he makes no charge for services rendered, the successful party cannot tax against the losing party the fees which such persons would have been entitled to if they had charged therefor.

WITNESS NOT TESTIFYING NOT TO BE TAXED IN BILL.—If a party procures the attendance of a witness who does not testify, the expense of such witness is not chargeable to the losing party, unless some sufficient reason is shown that would legally excuse his failure to testify.

INCURRED COSTS.—Section 4912 of the Revised Statutes restricts the recovery of costs to those necessarily incurred.

(Syllabus by the court.)

APPEAL from order of District Judge for Alturas County.

A. F. Montandon, for Appellant.

It is a rule of pleading that a fact affirmed by one and denied by the other, the burden of proof shifts on the affirmant; otherwise he must fail. (Story's Equity Pleading, sec. 875; Code, secs. 4183, 4217.) Plaintiff's affidavit on best knowledge and belief, without facts showing whereon such information was obtained or belief grounded, opposed by positive affidavit on facts therein stated, not only offsets but nullifies plaintiff's affidavit, and is clothed with a *prima facie* proof as entitles defendant to prevail. (*Kelly v. Jackson,* 6 Pet. 621.) In absence of other proof plaintiff should fail. (*Mitchell v. Carney,* 41 Kan. 139, 21 Pac. 158; *Barbieri v. Remeli,* 84 Cal. 174, 24 Pac. 113.) The statute seems to allow costs chargeable to the losing party only when actually disbursed. (Code, sec. 4912.) Costs of witnesses are only chargeable for each day's actual attendance. (Code, sec. 6139.) Witnesses not sworn and who do not testify are *prima facie* unnecessary without showing to the contrary; costs as to them cannot be recovered. (*Pugh v. Good,* 19 Or. 85, 23 Pac. 827; *Osborne v. Gray,* 32 Minn. 53, 19 N. W. 81; *Randall v. Falkner,* 41 Cal. 242.) Useless costs will not be allowed. (*Sommercamp v. Catlow,* 1 Idaho, 720; *McConnell v. McCormick,* 3 Idaho, 227, 28 Pac. 421; *Pugh v. Good,* 19 Or. 85, 23 Pac. 827.) Witnesses not sworn and who do not testify are presumed unnecessary unless the contrary appear; facts showing they were necessary to overcome the presumption ought to appear. (*McConnell v. McCormick,* 3 Idaho, 227, 28 Pac. 421.)

Kingsbury & Parsons, for Respondent.

The cost-bill filed by plaintiff in the cause was verified by one of the attorneys for plaintiff in the exact form and words prescribed by the statute authorizing the filing of a cost-bill. (Code Civ. Proc., sec. 4912.) "Where the affidavits are conflicting and some of the items relate to facts of which the court has actual knowledge, the rulings will not be disturbed." (*Fanning v. Leviston,* 93 Cal. 186, 28 Pac. 943.) Where objections to items of costs and disbursements charged in a cost-bill were heard and decided by the trial court upon conflicting evidence,

an order denying a motion to retax will be affirmed on appeal. (*Hoyt v. Selby Smelting Co.,* 90 Cal. 339, 27 Pac. 288.) "The allowance or disallowance, in nearly every instance, is left to the trial judge." (*Barnhart v. Kron,* 88 Cal. 449, 26 Pac. 210.) Attendance being shown, the charge was a proper one. (*Charles Baumbach Co. v. Gessler,* 82 Wis. 231, 52 N. W. 259, 260; *Alexander v. Harrison,* 2 Ind. App. 47, 28 N. E. 119; *Ohio etc. Ry. Co. v. Trapp,* 4 Ind. App. 69, 30 N. E. 812-814; *Wheeler v. Lozee,* 12 How. Pr. 448.) May charge for witnesses, although not called. (*Randall v. Falkner,* 41 Cal. 242.) We were entitled to mileage for Smith and Sawyer, at least to jurisdictional line. (*Wooster v. Hill,* 44 Fed. 819; Code Civ. Proc., sec. 6039; *Burrows v. Kansas City,* 54 Fed. 278; *Pivison v. Railroad Co.,* 54 Fed. 464.)

SULLIVAN, J.—This is an appeal from an order of the trial judge taxing costs. The plaintiff filed his memorandum of costs, duly verified by his attorney, whereby it was shown that his total necessary costs and disbursements amounted to $356.80. Thereafter the defendant (who is the appellant here) moved to tax said costs. Said motion was heard by the judge, and said costs reduced from $356.80 to $249. From said order taxing costs, this appeal is taken.

The following is an itemized memorandum of the costs as allowed by said order:

| | |
|---|---:|
| Elisor's fees.. ..................................... | $ 14 40 |
| Clerk's fees, including stenographer's fees........ | 15 10 |
| Witness fees: | |
|     Mrs. Caroline Griffith ...................... | 9 25 |
|     Mrs. Ella Griffith .......................... | 9 25 |
|     Mrs. C. Haile..... ......................... | 9 25 |
|     Herman Vorberg....... ..................... | 9 25 |
|     Roy White.. ............................... | 9 25 |
|     J. O. Swift... ............................ | 9 25 |
|     W. H. Watt................................ | 9 25 |
|     L. Price... ................................ | 9 25 |
|     J. S. Whitton ...... ....................... | 9 25 |
|     W. T. Riley .......... ..................... | 9 25 |
|     C. Haile.. ..... ........................... | 9 25 |
|     C. J. Selwyn ............................... | 9 25 |

| | | |
|---|---:|---:|
| B. M. Mallory.. ........................... | 9 | 25 |
| Larry Farrell.. ............................ | 9 | 25 |
| Henry Warning.. ......................... | 9 | 25 |
| J. H. Beane.... ........................... | 9 | 25 |
| Charles Berkin... .......................... | 9 | 25 |
| George Romaine. .. ........................ | 9 | 25 |
| E. Daft..... ............................. | 6 | 25 |
| G. Richardson.. ........................... | 9 | 25 |
| C. S. Smith......................... ...... | 18 | 75 |
| G. A. Sawyer.. ........................... | 18 | 75 |
| | | |
| Total.. ................. ...............$249 | | 00 |

Every item of said cost-bill is challenged. The record pur-
ports to contain all of the evidence considered on the hearing of
the motion to tax costs, and the only evidence contained in the
record is the memorandum of costs, with the verification there-
to attached, and the affidavit of the appellant. Section 4912
of the Revised Statutes provides that the successful party may
present a memorandum of the items of his costs and necessary
disbursements, and that such memorandum must be verified by
the oath of the party, or his attorney or agent, or by the clerk
of the attorney, stating that, to the best of his knowledge and
belief, the items contained in said memorandum are correct,
and that the disbursements have been necessarily incurred in
the action or proceeding. It further provides that a party dis-
satisfied with the costs claimed may, within three days after the
filing of the bill of costs, file a motion to have the costs taxed
by the court in which the judgment was rendered, or by the
judge thereof at chambers. The statute does not prescribe the
procedure in the hearing of a motion to tax costs, but the hear-
ing is usually had upon such pertinent evidence, by affidavit or
otherwise, as either party may offer as to the allowance or dis-
allowance of the items objected to. It appears from the record
that this motion was heard upon the memorandum of costs filed
by respondent and the affidavit of appellant. Appellant con-
tends that the affidavit attached to the memorandum of costs
is made on "the best knowledge and belief of affiant" that the
items therein are correct, and that the disbursements have been
necessarily incurred, and that, as said affidavit is met by the

positive affidavit of appellant setting forth the facts showing that many of said items were not necessarily incurred, said items should not have been allowed without further proof of the fact that they were necessarily incurred.  But it is argued by respondent that the affidavits on which the motion to tax costs was heard are conflicting, and that some of the items relate to facts of which the trial court had actual knowledge, and for that reason his ruling should not be disturbed, and cites *Fanning v. Leviston,* 93 Cal. 186, 28 Pac. 943, as an authority.  That decision is very meager upon the point in question, but it appears that, as the motion to tax costs was heard upon conflicting affidavits, and, further, that some of the items in controversy referred to matters of which the court had actual knowledge, it was held that the ruling of the lower court would not be disturbed.  The transcript in the case at bar contains no intimation that the court or judge took into consideration any facts of which he had actual knowledge in his decision in this case, and the record negatives that idea.  It contains the following statement: "On none but the foregoing facts and record the motion to retax costs was heard on July 27, 1893."  The record thus shows that it contains all of the evidence considered on the hearing of such motion, and it cannot be presumed that the judge took into consideration certain facts of which he had actual knowledge in the decision of said motion.  Courts must take judicial knowledge of certain facts, but we are not aware of any law that requires them to take judicial notice of the fact whether a certain witness was present at the trial, or the number of days present.  If a court or judge has actual knowledge of a fact which he takes into consideration in the taxation of costs, and an appeal is taken from his decision, if the record does not contain the fact of which the court did take notice, this court cannot consider it.  We can only consider the evidence contained in the record.

A proper disposition of this case will require an examination of the items of said cost-bill.

The appellant objects to the allowance of elisor's fees on the ground that said fees are not chargeable under any law, and on the further ground that the elisor informed the defendant that he wished no pay for the services rendered.  The first ground of objection is not well taken.  An elisor appointed to execute

process and orders of the court is invested with the powers, duties and responsibilities of the sheriff in the performance of those duties, and is entitled to the compensation allowed the sheriff for performing such duties. The second ground is well taken. If an elisor makes no charge for the performance of his duties, and demands no pay therefor, the successful party cannot tax any costs for such services against the losing party. It is true that respondent's attorney made the affidavit attached to the cost-bill, and swore that, to his best knowledge and belief, the items in said bill were correct; but this affidavit is met by the affidavit of appellant stating that the elisor informed affiant that he made no charge, and wished no pay, for his services. The burden of proof was then on respondent, and he should have presented further proof than the cost-bill that the elisor charged and demanded said fees to authorize the court to tax the same.

The appellant objects to the allowance of per diem compensation and mileage to the mother and wife of the plaintiff, but admits that they were in actual attendance three days. Section 6139 of the Revised Statutes of 1887 provides that witnesses in civil actions are entitled to receive three dollars for each day's actual attendance, and twenty-five cents per mile one way. No exception is made because a witness may happen to be a wife or mother of the party calling them.

Objection is made to the claim of per diem compensation and mileage for the witnesses Mrs. C. Haile and Roy White because they were constantly within reach of the court, and only testified a few minutes. It appears that said witnesses were in actual attendance three days. They are entitled to the per diem compensation and mileage allowed. It is not to be presumed that the business of the court will be delayed by having to send out for witnesses.

It is shown by the affidavit of the appellant that witnesses W. H. Watt, J. S. Whitton, C. Haile, Larry Farrell, Henry Warning, Charles Berkin and George Romaine were not sworn, and did not testify. The fact that said witnesses did not testify in said case would indicate that they were not necessary witnesses, especially when the record shows that, "all issues were tendered and made up on the second day of December, 1892, were never

.charged, and were litigated to the end." Under the facts of this case the per diem compensation and mileage of said witnesses should not have been taxed as a part of the necessary costs and disbursements of this case. If a party procures the attendance of witnesses who do not testify, the expense of such witnesses is not recoverable from the losing party, and should not be taxed against him, unless some sufficient reason is shown that would legally excuse their failure to testify. There is nothing in the record that indicates that said witnesses were necessary witnesses.

The affidavit of appellant states that witness J. O. Swift was present but one day. Per diem compensation and mileage should have been taxed for the attendance of that witness for but one day and one mile.

The affidavit of appellant shows that witness Riley informed him that he had stated to respondent that he made no charge for witness fees. That being true, the charge for three days and one mile for said witness should not have been allowed.

In the same manner it is shown that witness C. J. Selwyn was in actual attendance on the trial but one day. The allowance for said witness should have been reduced to three dollars and twenty-five cents. The same facts are shown as to witnesses E. Daft and George Richardson, and the allowance for their services should be reduced to three dollars and twenty-five cents each. The affidavit of appellant shows that witnesses C. S. Smith and G. A. Sawyer were in actual attendance but three days, and traveled but three miles. Said witnesses are only entitled to per diem compensation for the number of days in actual daily attendance. The winning party cannot charge in his cost-bill more for such witnesses than they are entitled to under the provisions of the statute providing for their compensation.

When an item of a cost-bill is denied by the affidavit of the party against whom such fees are claimed, the burden is then on the claimant to produce further proof. If the judge who tried the case has actual knowledge of certain facts that he takes into consideration in the decision of such motion, and an appeal is taken therefrom, the record should show such facts, so that this court may have such facts before it, with other evi-

dence considered. Section 4912 of the Revised Statues of 1887, restricts the recovery of costs to those necessarily incurred, and, where the items of a cost-bill are contested, none of such items should be allowed unless the court or judge is satisfied, from the evidence produced on the hearing of the motion, that such contested items have been necessarily incurred. Where a motion to tax costs is made, supported by an affidavit showing that certain witnesses, for whose attendance costs had been taxed, were not sworn and did not testify on the trial, the burden of proof is then on the claimant of such costs to show that the attendance of such witnesses was necessary at the time they appeared, but, by reason of some unforeseen event or other sufficient cause, the testimony of the witnesses became unnecessary. Under the provision of section 6139, witnesses are allowed per diem compensation for actual attendance only. When a trial lasts for more than one day, and a witness is subpoenaed to be present at the trial, and makes arrangements to be called when needed, and is not in actual attendance on the trial except on the day he testifies, such witness is entitled to per diem compensation for one day only. The necessary costs of litigation are sufficiently burdensome to the litigants, and courts should not allow any costs or disbursements but those necessarily incurred. It is not necessary that the costs of an action, or that the per diem compensation of a witness, should be actually paid by the successful party before he can recover the same from the losing party. It is sufficient if they were necessarily incurred, and claimed or demanded by the persons performing the services for which they were incurred.

The following items of costs are allowed in this case:

Clerk's fees ........ ...... ........ ......... $15.10
Witness fees:
    Mrs. Caroline Griffith...... ...... ............... 9 25
    Mrs. Ella Griffith ...... ........ ........ ...... 9.25
    Mrs. C. Haile ........ ....... ...... ........ 9.25
    Roy White ........ ...... ........ ......... 9.25
    J. O. Swift ...... ...... ...... ........ 3.25
    C. J. Selwyn ........ ........ ....... ....... 3.25
    E. Daft ...... ...... ........ ...... ........ 3.25
    Geo. Richardson ...... ...... ............ ....... 3.25

| | |
|---|---:|
| C. S. Smith | 9.75 |
| G. A. Sawyer | 9.75 |
| Herman Vorburg | 9.25 |
| L. Price | 9.25 |
| B. M. Mallory | 9.25 |
| J. H. Beane | 9.25 |
| Total | $121.60 |

The order of the judge taxing the costs in this case is modified as set forth in this opinion, and the cause remanded to the district court with instructions to enter judgment in accordance therewith.

Huston, C. J., and Morgan, J., concur.