(February 11, 1895.)

GRIFFITHS v. MONTANDON.

[39 Pac. 195.]

BILL OF EXCEPTIONS—RESETTLEMENT AND AMENDMENT OF.—When an omission or mistake has occurred in the settlement of a bill of exceptions, the judge may, upon proper application, allow a resettlement thereof, provided that it is asked before the transcript is sent to this court, and the mistake or omission claimed is shown by documentary evidence, or is not denied by the adverse party. But if such omission or mistake rests in the recollection of judge or counsel and not admitted by the adverse party, a correction or resettlement should be denied.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

A. F. Montandon, for Appellant.

Where it appears that certain jurors went privately and made an examination of the premises after motion to permit them to do it overruled, new trial will be granted. (*Garside v. Ladd Watch Case Co.*, 17 R. I. 691, 24 Atl. 470; *People v. Fagen* (Cal.), 33 Pac. 846; *Ortman v. Union Pac. Ry. Co.*, 32 Kan. 419, 4 Pac. 858.) Jurors should not, during the trial, hold communication concerning the case with any person. (Hayne on New Trial and Appeal, sec. 68, and cases cited; Proffatt on Jury Trials, sec. 390.) When knowledge is a duty, ignorance is a crime. (*Chaffin v. Fulkerson*, 95 Ky. 277, 24 S. W. 1066; *Missouri etc. R. Co. v. Moseley*, 57 Fed. 921.) In a case of seen danger plaintiff must use his best efforts to prevent it. (*Snyder v. Pittsburg etc. R. Co.*, 11 W. Va. 15, 37; *Kellogg v. Chicago etc. R. Co.*, 26 Wis. 223, 7 Am. Rep. 69; *McNarra v. Chicago etc. R. Co.*, 41 Wis. 69; *Illinois etc. R. Co. v. McClelland*, 42 Ill. 355-359; *Toledo etc. R. Co. v. Pindar*, 53 Ill. 447-451, 5 Am. Rep. 57; *Missouri P. R. Co. v. Moseley*, 57 Fed. 921; *Rumpel v. Oregon etc.*, ante, p. 13, 35 Pac. 700; *People v. Hitchcock*, 104 Cal. 482, 38 Pac. 198.) In mutual or compound negligence plaintiff cannot recover, if his want of ordinary care in any degree contributed to the injury. (Thompson on Negligence, 1146, and cases there cited; *Stiles v. Geesey*, 71 Pa. St. 439; *Willard v. Pinard*, 44 Vt. 34; *Murphy v. Deane*, 101 Mass. 455, 3 Am. Rep. 390; *Spencer v. Illinois etc. R. Co.*, 29 Iowa, 55; *Willard v. Swansen*, 126 Ill. 381, 18 N. E. 548; *Tobin v. Omnibus Cable Co.* (Cal.), 34 Pac. 125; *Rumpel v. Oregon etc.*, ante, p. 13, 35 Pac. 700.)

Kingsbury & Parsons, for Respondent.

A party moving on the hearing of the motion for a new trial to strike out an affidavit, on the ground that it was too late, waived no rights in relation thereto. (*Heine v. Treadwell*, 72 Cal. 217-221, 13 Pac. 503.) And the said affidavits were not indorsed, or identified in any way as having been used or considered on the hearing of the motion for a new trial. "The affidavits must be identified by the indorsement of judge or clerk."

(*Johnson v. Muir,* 43 Cal. 542; *Lezinsky v. White,* 45 Cal. 278-280; *Hancock v. Thom,* 46 Cal. 643; Code Civ. Proc., sec. 4443.)   The parties who made the affidavits were members of the jury.   It is a well-settled rule that the affidavits of jurors will not be received to impeach their verdict.   (*People v. Baker,* 1 Cal. 405; *People v. Gray,* 61 Cal. 183; *Jacobs v. Dooley & Co.,* 1 Idaho, 41; Thompson on Juries, sec. 440, and cases cited; *Clum v. Smith,* 5 Hill, 560.)   Except upon the statutory ground laid down in section 4439 of the Code of Civil Procedure.   (*People v. Hughes,* 29 Cal. 257; *Clark v. Creditors,* 57 Cal. 638; Hayne on New Trial and Appeal, sec. 72, p. 221.) Improper conduct is not always ground for new trial.   If no injury is shown to have resulted to the losing party, the verdict will not be set aside.   (*People v. Gaffney,* 14 Abb. Pr. 36; *Indianapolis v. Scott,* 72 Ind. 196; *State v. Baker,* 63 N. C. 276; *Newell v. Ayer,* 32 Me. 334; *State v. Cocuel,* 31 N. J. L. 249, 257.)

SULLIVAN, J.—This case was heard at the January term, 1894, of this court, and the decision then given will be found in 35 Pac. 704.   A rehearing was granted, upon the ground of an unintentional error of the trial judge in permitting a misleading or false certificate to inadvertently be made a part of the bill of exceptions.   The petitioner now asks to have stricken from the bill of exceptions the following, to wit: "On none but the foregoing facts and record the motion to retax costs was heard on the twenty-seventh day of July, 1893, and on July 28, 1893, in absence of defendant, the court did retax the same, or file its findings on the matters theretofore submitted by the respective parties"—and to insert in said bill of exceptions, in lieu thereof, the following, to wit:

"To be inserted in lieu of folios 63 and 64 in transcript on appeal in the case of *John C. Griffiths v. A. F. Montandon,* from the fourth district, county of Alturas: 'This motion was heard on the foregoing facts, herein set forth, and on the entire record of the cause as tried in the district court, including the pleadings and all the papers on file, the statements and testimony of counsel at the time of said hearing, the evidence in the cause given in the district court, and all of the proceedings had therein, and the facts within the knowledge of the

·court as to all the matters herein stated, also as to the presence
of witnesses, the necessity for their presence, and the reasons
for not calling them at the trial; the decision being based on
said evidence and record, and after a full and complete hear-
ing, and after argument by the respective counsel for plaintiff
and defendant, and after examination and investigation of all
the points raised in defendant's affidavit and motion to retax.
Said defendant, Montandon, being further informed, after the
decision upon said motion, that if he still insisted that the par-
ties would not demand their fees as alleged in his affidavit, that
he would be permitted to file receipts from said parties, and
the clerk would be instructed to credit him with the several
amounts as shown in said receipts on the said cost-bill as re-
taxed.                                    C. O. STOCKSLAGER,
"'District Judge of the Fourth Judicial District of Idaho.'"

It will be observed that the respondent seeks a resettlement
of the bill of exceptions, or seeks to inject into the bill a state-
ment from the trial judge to the effect that he considered other
evidence than that contained in the bill on the hearing of the
motion to tax costs. The facts are as follows: The order tax-
ing costs from which this appeal was taken was made on July
28, 1893. The proposed bill of exceptions was served on the
respondent August 7, 1893, and no amendments to said bill
were proposed. The bill of exceptions was settled on the fourth
day of October, 1893. Thereafter, and before the transcript
was filed in this court, the respondent made application to the
trial judge for a resettlement of said bill of exceptions, which
application was granted, and the bill in the resettlement thereof
was amended to some extent. The case was thereafter sub-
mitted to this court for final decision, upon oral argument of
the respective counsel and their printed briefs. No suggestion
of diminution of record was made prior to the final submission
and determination of said case. The transcript shows that ap-
pellant endeavored to bring up all of the evidence considered
by the judge in the hearing of said motion. He served his pro-
posed bill of exceptions on the attorneys of the adverse party,
and presented it to the judge for settlement. No amendments
were proposed. The bill was settled by the judge. Thereafter,

on the application of respondent, a resettlement of the bill of exceptions was had.   The bill contains the statement that it includes all of the evidence considered on the hearing.   The change sought is very sweeping.   The judge desires to have the bill now say that it does not contain all of the evidence considered on the hearing, and that he took into consideration fácts within his own knowledge in the determination of said motion.

When a motion to tax costs is heard upon evidence within the knowledge of the judge, such evidence should be presented on the hearing, so that a party may be fully advised of all the evidence considered.   Any other rule would enable the judge to decide such motion upon evidence not produced on the hearing, and evidence of which the party had no knowledge whatever. There is no claim that the matter sought to be eliminated from said bill of exceptions was not contained in the proposed bill served on respondent's attorneys, or that it was not contained in the bill as settled and resettled, as above set forth; but, by an oversight of the judge, it is claimed the error crept into or rather remained in the bill as settled.   If we now grant this motion, we should, on application of appellant, grant a diminution of the record, and permit all of the evidence to be brought here.   This would require the judge to certify up the facts, within the knowledge of the court, that he took into consideration in deciding said motion, as well as all other evidence considered by him.   Under the rules of this court, upon proper suggestion of diminution of record, the court may order certain corrections to be made, and send the transcript to the court below for that purpose; but a resettlement of the bill of exceptions, such as is sought here, cannot be allowed after the transcript is sent to this court.   In *People v. Romero,* 18 Cal. 90, the court says: "When a mistake or omission has occurred, the judge may allow a resettlement, provided it be asked before the transcript is sent to this court, and the mistake or omission is supported by documentary evidence, or is not denied by the adverse party.   But, when the existence of the alleged mistake or omission rests in the mere recollection of the judge or of counsel in the case, and it is not admitted by the parties, a resettlement should be refused."

We think this the correct rule; for, if any other rule obtained, it would lead to carelessness in the preparation of bills of exceptions, and almost endless contentions in their final settlement. This leaves the case for a rehearing on the same record that it was formerly heard, and upon that record the decision heretofore given by this court must be affirmed; and it is so ordered, with the costs of this appeal and rehearing in favor of appellant.

Morgan, C. J., and Huston, J., concur.