(November 11, 1897.)

THIESSEN v. RIGGS.

[51 Pac. 107.]

Costs—Retaxing Same.—A motion to retax costs, which is unsupported by evidence, should be denied as to all items of a cost bill that do not appear from the cost bill itself · to be illegal.

Bill of Exceptions.—On an appeal from an order made after judgment on a contested motion, no bill of exceptions is required.

To Recover Cost, Rules of Court Must be Complied With.—Appellant, although successful on appeal, to recover all the costs of procuring and printing transcript on appeal, must comply with the rules of this court in regard to making and printing the transcript.

.          (Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellants.

The court should not have allowed the respondent any costs whatever. The direction of this court was that the costs were to abide the result of the trial in the district court. The trial resulted in a verdict for the appellants, and the respondents are entitled to recover no costs. (*Thiessen v. Riggs,* ante, p. 21,, 46 Pac. 829; *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704.)

Eugene O'Neill, for Respondent, files no brief.

QUARLES, J.—This is an appeal from an order, made after judgment, on contested motions, to retax costs. This

cause was heretofore brought to this court on appeal, and this court dismissed the former appeal with the suggestion that the district court proceed to try the issues made by the pleadings, and directed that the costs should abide the general result. (See ante, p. 21, 46 Pac. 829.) The cause was thereafter tried to a jury on the eighth day of April, 1897, and a verdict was rendered for the defendants for the sum of fifty dollars, and judgment therein entered. The defendants filed their memorandum of costs and disbursements, amounting to $156.50, on April 8, 1897, and plaintiff filed a memorandum of costs and disbursements, amounting to $110.25, April 9, 1897. On the thirteenth day of April, 1897, the plaintiff filed a notice of motion to strike out defendants' memorandum of costs and disbursements, and to retax the costs; and on same day the defendants filed notice of motion to strike out the plaintiff's cost-bill on the ground that plaintiff was not entitled to costs. Both motions were heard together, and argued by the counsel for the respective parties on May 17, 1897, and decision rendered on the twenty-first day of May, 1897, the district judge striking out a portion of the costs of plaintiff, and fixing his costs at eighty dollars and thirty cents, and striking out a part of defendants' costs, fixing defendants' costs at eighty-four dollars and seventy-five cents.

We find in the record what purports to be a bill of exceptions which sets forth the cost-bills filed by both parties, the motions to strike out cost-bills made by each party, and the order made by the district judge retaxing the costs, and which was settled on the twenty-seventh day of June, 1897. The plaintiff moved to strike out of the transcript this so-called "bill of exceptions," for the reason that a draft of same, as proposed by the defendants, was not served upon the plaintiff, and in support of this motion files numerous and voluminous affidavits. If a bill of exceptions was necessary, we would be compelled to sustain the motion for want of service of the proposed bill of exceptions. But, under the provisions of section 4427 of the Revised Statutes, a bill of exceptions on this appeal is not necessary. We treat that part of the transcript called "bill of exceptions" as material, for the reason that it identifies the papers embraced in it.

Respondent also contends that the pleadings and other files of the action should not have been introduced into the transcript on this appeal, and especially the original complaint, which was superseded by an amended complaint. We think the position of the respondent is correct as to the original complaint, but not as to the other pleadings and files. In the notice of the plaintiff (respondent, here) we find this language: "On the argument of said motion there will be used the records and files and the supreme court document and papers in said cause." The motions were made on the records and files, and on this basis were argued by the respective counsel. This court, in reviewing the action of the district judge, should have the same record before it. The motion of defendants to strike from the files the cost-bill filed by the plaintiff should have been sustained. This court held, when this case was first before it, that the costs should follow the final result. (See *Thiessen v. Riggs,* ante, p. 21, 46 Pac. 829.) The final result was a judgment in favor of the defendants. The plaintiff, failing to recover anything, should not have been allowed any costs against the defendants. We are at a loss to know upon what theory the honorable district judge disallowed any of the items in the cost-bill of the defendants. There was no affidavit or evidence controverting the affidavit verifying the defendants' cost-bill. None of the items on the face of the cost-bill appear to be illegal. This being true, the affidavit verifying the defendants' cost-bill, in the absence of evidence controverting it, was sufficient to support the cost-bill, and the motion to retax should have been denied. (See *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704.) 704.)

The transcript on this appeal is not made out and printed in the manner required by the rules of this court. The title of the cause is set forth eleven times in the transcript, when it should have appeared only once. We know of no better way to enforce the rules relating to transcripts than to require the appellant, although successful, to pay the costs of obtaining and printing the transcript, or such part thereof as would be equitable, when he disobeys the rules, and inserts matters in the transcript which should not be there. The order appealed

from is reversed, and the cause remanded, with instructions to the district court, or the judge thereof, to disallow the entire cost-bill of the plaintiff, and to allow the cost-bill of the defendants, and every item thereof, in full. Costs of this appeal, except one-half of the cost of procuring and printing transcript, are awarded to appellants.

Sullivan, C. J., and Huston, J., concur.