(December 31, 1921.)

## HATTIE ERICKSON and GUNHILD KNUTESON, Respondents, v. EDWARD RUTLEDGE TIMBER COMPANY, a Corporation, Appellant.

[203 Pac. 1078.]

PERSONAL INJURY — NEGLIGENCE — ASSUMPTION OF RISK—EVIDENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—MOTION FOR NONSUIT—ORDER TAXING COSTS—REVIEW OF.

1. *Held*, that the allegations of negligence in the complaint in this case are good as against a general demurrer, and that the court did not err in overruling the demurrer.

2. Specifications of error with regard to the admission of certain exhibits and the admission and exclusion of certain evidence considered, and *held* that no reversible error was committed by the lower court.

3. A risk which arises from the use of defective machinery or appliances, when the defect is so latent as not to be observed by an employee, is not a risk incident to the employment which is assumed by the employee.

4. The question of the assumption of risk is a question of fact, and is properly submitted to the jury.

5. *Held*, that the lower court committed no prejudicial error in the giving or refusal to give certain instructions.

6. Where sufficient competent evidence is submitted by the plaintiff in a personal injury action to make out a *prima facie* case, the court does not err in denying a motion for nonsuit at the close of plaintiff's case or after all the testimony has been introduced. Proof of contributory negligence is a matter of defense.

7. *Held*, that the action of the lower court in taxing costs of witness fees and mileage against appellant is subject to review by this court under the provisions of C. S., secs. 7163 and 6879.

Publisher's Note.

3. On servant's assumption of risk from latent danger or defect, see note in 17 L. R. A., N. S., 76.

On assumption of risk of defective tool, machine or appliance where the defect is obvious, but its importance not appreciated, see note in 13 L. R. A., N. S., 692.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for damages for death caused by negligence. Judgment for plaintiff, order denying a motion for new trial, and order taxing costs. *Affirmed.*

Robt. H. Elder and Ralph S. Nelson, for Appellant.

The plaintiffs have offered no evidence of any fault or negligence on the part of the defendant company, and said cause should not have been submitted to the jury upon a mere description of the accident. (4 Labatt on Master & Servant, sec. 1602; *Soderman v. Kemp,* 145 N. Y. 427, 40 N. E. 212; *McDonnell v. Oceanic Steam Nav. Co.,* 143 Fed. 480, 74 C. C. A. 500; *Schandrew v. Chicago, St. P. M. & O. R. Co.,* 142 Fed. 320, 73 C. C. A. 430; *Chicago & N. W. R. Co. v. O'Brien,* 132 Fed. 593, 67 C. C. A. 421; *Pellerin v. International Paper Co.,* 96 Me. 388, 52 Atl. 842; *Minty v. Union Pac. R. R. Co.,* 2 Ida. 471, 21 Pac. 660, 4 L. R. A. 409; *Goure v. Story,* 17 Ida. 352, 105 Pac. 794.)

Where the facts are undisputed and but one deduction can be drawn therefrom, the question of negligence is purely one of law. (*Wheeler v. Oregon R. & Nav. Co.,* 16 Ida. 375, 102 Pac. 347.)

The mere fact that the servant received injury does not establish even *prima facie* the negligence or breach of duty of the master. (*Essex County Electric Co. v. Kelly,* 57 N. J. L. 100, 29 Atl. 427; *Patton v. Texas & P. R. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. ed. 361; *Levins v. Bancroft, etc.,* 114 La. 105, 38 So. 72; 4 Labatt on Master and Servant, sec. 1600, p. 4858, and cases cited.)

"Before the servant can recover, he must show that the injury did not arise from a defect, obvious to himself, or which by the exercise of ordinary care, he might have known." (*Minty. v. Union Pac. R. Co., supra; Drake v. Union Pac. Ry. Co.,* 2 Ida. 487, 492, 21 Pac. 560; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Quigley v. Thomas G.*

*Plant Co.,* 165 Mass. 368, 43 N. E. 205; *Rooney v. Sewall & Day Cordage Co.,* 161 Mass. 153, 36 N. E. 789; *Monte v. Wausau Paper Mills Co.,* 132 Wis. 205, 111 N. W. 1114; *Price v. United States Baking Co.,* 130 Mich. 500, 90 N. W. 286; *Peterson v. Sherry Lumber Co.,* 90 Wis. 83, 62 N. W. 948; *Barnsdall Oil Co. v. Leahy,* 195 Fed. 731, 115 C. C. A. 521; *Griffith v. Washington Water Power Co.,* 102 Wash. 78, 172 Pac. 822.)

Lynn W. Culp, for Respondents.

"An employee does not, because he knows of one defect, take the risk of another of which he has no knowledge. If both contribute to injure him, he is entitled to recover, provided the accident would not have happened but for the unknown defect." (*Missouri Pac. R. Co. v. Somers,* 78 Tex. 439, 14 S. W. 779.)

"Where the facts are in dispute and from them reasonable and prudent men might disagree as to the question of negligence, that question, then, becomes a question of fact, and, under proper instructions, must be submitted to the jury." (*Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981; *Swanstrom v. Frost,* 26 Ida. 79, 140 Pac. 1105.)

It was not the duty of the deceased to make an inspection, especially where he had a right to rely on the master, whose duty it was to furnish him with a reasonably safe place in which to work. (*Cnkovch v. Success Mining Co.,* 30 Ida. 623, 166 Pac. 567, and cases cited.)

Being aware of the dangerous condition of its instrumentalities, it was the duty of the master to warn its servant in relation thereto. (*Kangas v. National Copper Min. Co.,* 32 Ida. 602, 187 Pac. 792, and cases cited; *Ramon v. Interstate Utilities Co.,* 31 Ida. 117, 170 Pac. 88.)

BUDGE, J.—This is an action by respondents for damages occasioned by the death of Severt Knuteson, alleged to be due to injuries sustained by reason of appellant's negligence.

From the record it appears that appellant, a Washington

corporation, since prior to August 29, 1916, has owned, controlled and operated a lumber manufacturing plant near Coeur d'Alene, Idaho, from which mill lumber is carried on conveyor chains to a platform, where it is loaded upon small cars or trucks, which when loaded are placed crosswise on tracks upon transfer cars, and secured thereon by clamps to be placed on the rails or under the wheels, or by beveled pieces of 2x4 timber; each transfer car carrying two such cars or trucks, which are then conveyed in a westerly direction along a main transfer track extending about 1,200 feet along one side of the lumber-yard; that connecting at right angles to the main transfer track are 13 yard tracks, numbered from 1 to 13, so constructed that the loaded cars or trucks may be pushed from the transfer cars on to said tracks. Two transfer cars are operated together, one being a trailer and the other a power car, equipped with a lever and grip attachable to an endless cable moving at the rate of four or five miles per hour, and controlled by a "gripman" at the front of the power car.

At the point of connection of the transfer track and each of the thirteen yard tracks, a head-block or yard-bumper was provided for the purpose of elevating such yard track to the level of the tracks upon the transfer car, so that the trucks or cars thereon might be pushed from the transfer car on to the yard track, or *vice versa.* These bumpers were constructed of square timbers about 25 feet long, placed one above the other, to a height of about 14 inches; and upon the face of the west half of the bumper at track 2, a piece of 2″x 8″ timber had been spiked, so that in passing that station at the east end the transfer car missed the bumper about four inches, while at the west end it rubbed against the surface of the bumper.

The transfer cars were constructed of four steel car-wheels connected with axles on which rested the platform and tracks. In the sides of the platform, uncovered openings were left wide enough to permit the wheels to extend up

above the surface of the platform about two and one-half inches, and leaving a space about four inches in width between the outer surface of the wheel and the outer margin of the platform.

Deceased was employed in appellant's mill for a considerable time prior to August 29, 1916, in moving lumber from the mill to piles in the yard. On the morning of said day, he was engaged with two others in transferring four cars loaded with lumber, upon two transfer cars. The rear car upon the trailer was unloaded at yard track No. 1, after which deceased remained upon the trailer. Upon arriving opposite track No. 2, and hearing cries of distress, the gripman stopped the cars and, going back to the trailer, it was found that in some manner deceased had caught his foot and leg between the side of the trailer and the head-block with the 2″x 8″ strip nailed thereto at track No. 2, resulting in mangling and nearly severing the deceased's leg, from which injury he died a few hours later at a Coeur d'Alene hospital.

Respondent Gunhild Knuteson was deceased's wife, and Hattie Erickson, his daughter, both of whom were dependent upon him for support.

The cause was tried November 23, 1920, under a stipulation that the evidence there adduced should consist entirely of evidence submitted in a former trial which occurred in the fall of 1917, in so far as such evidence should be material, competent and relevant. (See *Erickson v. Rutledge Timber Co.*, 33 Ida. 179, 191 Pac. 212.)

The jury found for respondents in the sum of $7,750, for which amount judgment was entered in respondents' favor. Appellant moved for a new trial, which motion was denied. After judgment respondents served and filed a memorandum of costs and disbursements, wherein they claimed witness fees and mileage for witnesses. Appellants filed a motion to tax costs, and although no witnesses appeared at said trial, the court allowed certain witness fees.

This appeal is from the judgment, the order denying a motion for new trial, and the order taxing costs.

Appellant makes forty-two assignments of error, and we will discuss such of these assignments as we deem necessary for the proper disposition of this case.

It is first contended that the court erred in overruling appellant's demurrer to the complaint, and it is urged that but one ground of negligence is shown by the complaint, viz., that the openings around the wheels of the trailer upon which the deceased was injured were left unguarded, that this defect was open and obvious, that it is not alleged that the deceased was not familiar with the alleged defect but rather that he must have known and appreciated the danger, if any existed, and therefore assumed all risks incident thereto.

While the complaint is by no means a model, yet, taken as a whole, we think it appears therefrom that the injury was due not only to the fact that the openings in the trailer platform were left unguarded, but to the further fact that the bumper at track No. 2 was improperly maintained, in that it had become out of parallel to the transfer track and been repaired in such manner that while a space of four inches existed between the transfer car at the east end of said bumper, the west end of the bumper would come in contact with the car. It does not appear that this defect was open and obvious or that the deceased had knowledge or appreciated the danger thereof. We are, therefore, of the opinion that the complaint was good as against a general demurrer, and that the court did not err in overruling the demurrer.

Assignments 2 to 10, inclusive, relate to the action of the court in admitting certain photographic exhibits and testimony over the objection of appellant, which, it is urged, tended to show that certain alterations had been made and new machinery had been substituted.

The rule is well settled that evidence of changes or repairs made in machinery or appliances after an accident is not admissible in an action by an employee against his employer for injuries resulting from such accident, when the evidence is offered for the purpose of proving the negligence

of the employer at the time of the accident. (*City of Wynnewood v. Cox*, 31 Okl. 563, Ann. Cas. 1913E, 349, and note, p. 356, 122 Pac. 528.) But the introduction of the exhibits and testimony complained of did not bring respondents within the principle of law above announced.

Exhibit "B" was admitted for no other purpose than to show the distance from the transfer car to the yard-bumper, while Exhibit "E" was admitted for the sole purpose of showing the space upon the front of the power car where the gripman rode, and all evidence with reference to a change in the condition of the power car made subsequent to the injury was stricken out. Exhibit "C" was properly admitted, for the reason that the evidence shows that while it may not have been the identical car upon which the deceased was injured, it was one of similar construction, and no material changes or alterations had been made subsequent to the injury. Exhibit "F" is a photograph of the bumper at track No. 2, where deceased was injured, and the evidence clearly established the fact that there had been no change made in the construction or maintenance of this bumper subsequent to the injury. There was no error in the action of the court in the admission of these exhibits, nor do we find any reversible error in the admission of any other exhibits not specifically mentioned.

In this connection appellant also complains of the action of the court in permitting witness Searles to testify with reference to assembling a new transfer car for the appellant company at about the time of the injury, and to the fact that such new car was subsequently put in use. These were mainly voluntary statements on the part of the witness, for the purpose of fixing the time when he noticed that the transfer track was uneven and the cars swayed upon it, and were not responsive to any question asked. This evidence did not even tend to show that the new transfer car was an improvement upon, or was intended to displace, the old one in use. From the rulings of the court upon the several motions made to strike out this testimony, as

shown by the record, it is difficult to determine whether it was stricken or not, but in any event the jury could not have been misled thereby to the prejudice of the appellant.

Assignment No. 11 attacks the action of the court in sustaining respondents' objection to the following question propounded to witness Moe on cross-examination:

"Q. I will ask you whether or not the transfer car or the transfer car and trailer at that time was constructed in the usual and customary manner that transfer cars are constructed on which you have worked in the mills of this vicinity . . . . that is the usual and ordinary transfer car. is it not?"

Error cannot be predicated upon the action of the court in sustaining the objection to this question, for the reason that no testimony was adduced by this witness, upon the direct examination, touching this matter. Furthermore, no proper foundation was laid for the question, inasmuch as it does not appear that the witness was familiar with the transfer cars and trailers used in other mills in the vicinity, or that he had worked upon such other transfer cars or trailers.

It is next urged that the court erred in permitting respondents to propound to witness Moe the following question, over the objection of appellant: "And that was the only arrangement made for blocking these cars was it?" If the action of the court in this regard was error, it was cured by Instruction No. 16–A, to the effect that no negligence should be predicated upon the fact that appellant used wooden blocks to block the cars of lumber on the transfer and trailer cars, or to block the transfer car.

There is no merit in appellant's contention that the court erred in sustaining respondents' objection to the question, "Makes good money, does he?" propounded to respondent Hattie Erickson, and referring to her husband, for the reason that the question was irrelevant and immaterial, relating to the time of the trial rather than to the time of the injury, when, as appears from the evidence, she was dependent upon the deceased for support.

It is next contended that the evidence shows that the deceased assumed the risk incident to his employment about the transfer cars.

The evidence shows, however, that the yard-bumper at track No. 2 was negligently constructed, or had settled and become out of parallel with the track, and had been repaired as stated above. The record does not clearly indicate when this repair was made, but the condition created thereby, in view of the unguarded openings around the wheels of the transfer cars, constituted a latent defect, and a danger which deceased may well have failed to appreciate or recognize, even though he had knowledge of the manner in which the bumper had been repaired. We think, from the evidence, that the existence of this dangerous condition was known, or by the exercise of reasonable and ordinary care should have been known by the employer, but not by the deceased. The question was properly submitted to the jury, who found by their verdict that it was not one of the risks incident to the employment or assumed by the deceased. Assumption of risk is a question for the jury.

As was said by this court in *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9:

"It is a well-established principle of law that the servant, when he accepts the service, assumes all the risk incident to the employment; that is, incident to the employment when the employer furnishes proper and reasonably safe machinery, an obligation to do which is always upon the master. A risk or accident which arises from the use of defective machinery is not a risk incident to the employment. (*Harvey v. Alturas Gold Min. Co.,* 3 Ida. 510, 31 Pac. 819.)"

"A master cannot plead assumed risk where the ground of the plea is knowledge or means of knowledge of the defect complained of, where the master has knowledge of the defect, or the superior of the employee intrusted with the duty of repairing the defects knows thereof, and the servant is not under duty to report the defect." (*International & G. N. R. Co. v. Clark,* 59 Tex. Civ. 82, 125 S. W. 959.)

It is further insisted in appellant's brief that the evidence clearly shows that the transfer car upon which deceased was injured was .in good repair, and was the same kind of a car which was customarily and generally used by the lumber companies in that section for the performance of the same kind of work, and that where the employer has furnished such equipment he has complied with his duty to his employee, and cannot, therefore, be held liable.

While such evidence was admissible as tending to show that the appellant had exercised proper diligence and care in furnishing the deceased safe machinery and appliances for use in the discharge of his duties, yet the fact of supplying such instrumentalities is only evidence of due care on the part of the employer and is by no means conclusive upon the issue of negligence. Furthermore, the question of negligence in this case depends not only upon the character or condition of the transfer cars, but also upon that of the bumper at track No. 2. It was the duty of the jury to determine the question of appellant's negligence from all of the evidence. (*Austin v. Chicago, R. I. & P. Ry. Co.*, 93 Iowa, 236, 61 N. W. 849; *Texas etc. R. Co. v. Behymer*, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. ed. 905; *Anderson v. Fielding*, 92 Minn. 42, 104 Am. St. 665, 99 N. W. 357; *Wiita v. Interstate Iron Co.*, 103 Minn. 303, 16 L. R. A., N. S., 128, and note, 115 N. W. 169.)

Appellant complains of the action of the court in giving and in refusing to give certain instructions. We have very carefully examined the instructions complained of that were given or refused and find no prejudicial error. Moreover, the court did not err in refusing to grant appellant's motion for a nonsuit made at the close of the introduction of respondents' testimony and renewed. after all of the testimony had been introduced, for the reason that proof of contributory negligence is a matter of defense, and in the instant case there was sufficient evidence to warrant the court in submitting the question to the jury, whose finding negatives appellant's contention. There was sufficient competent

evidence submitted by respondents to make out a *prima facie* case, and the evidence is sufficient to support the judgment.

Appellant assigns as error the order of the court taxing costs against it. It is insisted by respondents that this question is not here for review, under the decisions of this court in *Bell v. Stadler,* 31 Ida. 568, 174 Pac. 129, and *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339, holding that an order denying a motion to strike a cost bill, not being a part of the judgment-roll, nor one of the papers required to be furnished to this court upon appeal, cannot be reviewed unless incorporated in a bill of exceptions. Since this rule was announced, in the above cases, the legislature has amended C. S., sec. 7163, which now reads:

"On an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 6886, upon which the appellant relies, *and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court.*"

While there is no bill of exceptions here, settled and allowed, incorporating the action of the court in taxing costs, the motion to tax costs herein is here in response to the *praecipe,* and is contained in and a part of the clerk's transcript, and is, therefore, subject to review by this court, in the absence of a bill of exceptions, under C. S., sec. 6879. (*Stringer v. Redfield, ante,* p. 378, 201 Pac. 714. See, also, *Steinour v. Oakley State Bank,* on rehearing, 32 Ida. 91, at 93, 177 Pac. 843.) The court did not err in taxing costs. (*Mountain Home Lbr. Co. v. Swartwout,* 33 Ida. 737, 197 Pac. 1027.)

From what has been said it follows that the judgment and orders appealed from must be affirmed, and it is so ordered. Costs are awarded to respondents.

Rice, C. J., and McCarthy and Lee, JJ., and Featherstone, District Judge, concur.