(No. 4645.   May 31, 1927.)

FEENAUGHTY MACHINERY COMPANY, a Corporation, Appellant, v. THEO. TURNER, Respondent.

[257 Pac. 38.]

APPEAL AND ERROR—CERTIFICATION OF PAPERS BY TRIAL JUDGE—SUFFICIENCY OF — ORDER RETAXING COSTS — APPEALABLE ORDER — TAXABLE AND NONTAXABLE FEES—STATUTE GOVERNS RIGHT TO RECOVER.

1.   Certification by trial judge, trying principal action and making order striking certain items from cost bill and retaxing

costs, that papers used by him in deciding motion to strike items objected to were those included in transcript and constituted all records, papers and files used or considered on such hearing, *held* sufficient under C. S., sec. 7164.

2. Under C. S., secs. 6879, 7164, appellant is not required on appeal from order retaxing costs to prepare and file a formal bill of exceptions, where such order appeared in minutes of district court and was included in transcript.

3. Memorandum decision of trial court on hearing of motion to retax costs, stating that it is ordered that certain items be stricken from cost bill, *held* to constitute an "order" sufficient to authorize appeal therefrom.

4. Where witness appeared merely as courtesy to plaintiff's attorney, fees for his services may not be taxed in absence of actual demand by witness of fee for performing services, or showing that it was a necessary disbursement, in accordance with C. S., sec. 7218.

5. Right to recover costs is governed by statute.

6. Stockholder of corporation appearing as a witness in litigation, in which corporation was involved, *held* entitled to witness fees and mileage for attendance on such trial in which corporation was successful party.

7. Fees and mileage of witness coming from without state may be taxed against losing party.

8. Where, on appeal, order retaxing costs and striking certain items from cost bill was reversed as to principal item, appellant was entitled to costs of appeal, the original judgment being for more than $100.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. O. R. Baum, Judge.

Publisher's Note.
   5.  See 7 R. C. L. 781.
   6.  See 7 R. C. L. 791.

   See Appeal and Error, 3 C. J., sec. 269, p. 457, n. 31; sec. 374, p. 537, n. 33; sec. 375, p. 539, n. 42, p. 540, n. 49; 4 C. J., sec. 1786, p. 177, n. 72; sec. 2159, p. 443, n. 55; sec. 2168, p. 451, n. 13.
   Costs, 15 C. J., sec. 3, p. 21, n. 26; sec. 277, p. 126, n. 86, 87, 88; sec. 298, p. 133, n. 75; sec. 302, p. 134, n. 96; sec. 603, p. 243, n. 48; sec. 615, p. 249, n. 33.
   Witnesses, 40 Cyc., p. 2182, n. 98, 4, p. 2188, n. 49, p. 2189, n. 48.

Motion to strike items from cost bill and retax costs. Granted as to two items. *Affirmed* as to one item, and *reversed* as to other.

F. M. Bistline, for Appellant.

The fact that a witness is an attorney at law does not disentitle him to witness' fees in any case unless he is an attorney or counselor in such cause. (C. S., secs. 7218, 8069, 8072.)

The president of a corporation is not a party to an action brought by the corporation, so as to disentitle him to fees as a witness in its behalf. (C. S., secs. 7218, 8069, 8072; 7 R. C. L., Costs, sec. 15; *Webster-Soule Farm v. Woodmansee*, 36 Ida. 520, 211 Pac. 1090; *Mutual Fire Ins. Co. v. Weller*, 98 Iowa, 731, 68 N. W. 443; *Nead v. Millersburg etc. Co.*, 79 Fed. 129.)

See 50 Am. Digest, p. 70, where the following cases are digested: *Salmon Creek etc. Co. v. Dusenberry* (Pa.), 2 Chest. Co. Rep. 205; *Evans v. School Board*, 9 Lanc. Bar, 102; *First Nat. Bank v. Greider*, 5 Lanc. Bar, No. 1; *Wilson v. Mutual Fire Ins. Co.*, 1 Pa. Co. Ct. Rep. 11; *Johnson v. A. & N. P. R. Co.*, 1 Pa. Co. Ct. Rep. 480.

See the following cases wherein witnesses were employees of corporations, though not officers: *Henry v. Chicago, M. & P. S. R. Co.*, 84 Wash. 633, 147 Pac. 426; *Parson Band Cutter etc. Co. v. Sciscoe*, 129 Iowa, 631, 6 Ann. Cas. 1015, 106 N. W. 164.

O. M. Fox and Merrill & Merrill, for Respondent.

The court was correct in striking from the cost bill the witness fee of the president of appellant corporation.

It has been held many times that a litigant cannot receive a witness fee. (*Altgelt v. Callaghan* (Tex. Civ. App.), 144 S. W. 1166; *Goodwin v. Smith*, 68 Ind. 301; *Barry v. McGrade*, 14 Minn. 286; *Hale v. Merrill*, 27 Vt. 738; *Grinnell v. Denison*, 12 Wis. 402, 448.)

"Parties to actions or proceedings are entitled to costs and disbursements as hereinafter provided." (C. S., sec. 7206.)

It has been held that where a witness comes from without the state his fee should not be taxed against the losing party. (*Union Pac. R. R. Co. v. Brower*, 60 Colo. 579, 155 Pac. 312.)

BUDGE, J.—This appeal is from an order striking certain items from a cost bill and retaxing costs. The items stricken by said order were:

Witness fee of Wm. Edens, 1 day ($3.00), and mileage for said witness, 1 mile (25¢), $3.25.

Witness fee of W. O. Feenaughty, 1 day ($3.00), and mileage for said witness, distance actually traveled in state of Idaho in coming to the place of trial, state line to Pocatello (312 miles at 25¢ per mile, $78.00), $81.

In support of a motion to strike the above and other items from the cost bill submitted by appellant after recovery of judgment against respondent in an action on a promissory note, an affidavit was filed by counsel for respondent setting forth, among other things, that the witness Edens is an attorney at law and a member of the bar of the court in which the prinicpal action was tried, and that his appearance as a witness was a courtesy extended to the attorney for appellant, for which said witness expected and required no compensation; and that the witness Feenaughty is the president of appellant company and substantially the owner thereof, and did not appear in the action simply as a witness but as a litigant for the purpose of directing the cause.

A counter-affidavit was filed by counsel for appellant, wherein it was admitted that the witness Edens is an attorney at law and that he appeared as a witness as a courtesy to counsel for appellant, but alleging that said Edens was not an attorney in the case nor in any way connected therewith; and admitting that the witness Feenaughty is the president of appellant company, but alleging that such fact does not bar him from the receipt of witness fees under

C. S., sec. 8069, providing for fees to which witnesses in civil actions in the district court are entitled to receive.

[1]  It is suggested by respondent that it might be argued whether or not the appeal has been properly perfected, by reason of the absence of any bill of exceptions, "or a complete enough statement as to what the court used on a motion for retaxing costs as required by C. S., sec. 7164." The judge who tried the principal action and who made the order appealed from, certified that the papers used by him in deciding the motion to strike the items objected to are those included in the transcript "and constitute all the records, papers and files used or considered by said judge on such hearing." This is a sufficient compliance with the provisions of C. S., sec. 7164, as to the furnishing by appellant, on appeal from the order striking the two items above set out, of copies of the papers used on the hearing in the court below; and it has been held that no other papers have any place in such transcript. (*Hall v. Jensen,* 14 Ida. 165, 169, 93 Pac. 962.)

[2]  Appellant was not required to prepare and file a formal bill of exceptions to have the order appealed from reviewed by this court, such order appearing in the minutes of the district court and being included in the transcript. (C. S., secs. 6879, 7164; *Thiessen v. Riggs,* 5 Ida. 487, 51 Pac. 107; *Hall v. Jensen, supra.*) As bearing on this question it was said in *Erickson v. Edward Rutledge Timber Co.,* 34 Ida. 754, 203 Pac. 1078:

"While there is no bill of exceptions here, settled and allowed, incorporating the action of the court in taxing costs, the motion to tax costs herein is here in response to the praecipe, and is contained in and a part of the clerk's transcript, and is, therefore, subject to review by this court, in the absence of a bill of exceptions."

[3]  Respondent also suggests in his brief that the only thing that appears in the transcript is a memorandum decision of the court on the matter here involved, and that it will be necessary for this court to construe the memorandum decision as an order, if it permits a reversal. True,

the expression of the court's judgment is denominated in the record and appears in its minutes as a "memorandum decision," but in the body of such decision it will be noted that it states, "it is ordered that the following items be and the same are hereby stricken from the cost bill," so that the substance of the decision is an order, clearly, and can be construed as nothing else.

[4]   The case of *Griffith v. Montandon*, 4 Ida. 75, 35 Pac. 704, lays down the rule that gratuitous services of a witness may not be taxed, and it is admitted by appellant that the witness Edens appeared as a courtesy to appellant's attorney. It not appearing, therefore, that said witness has actually claimed or demanded a fee for performing the services for which that item was charged, or that it was a necessary disbursement (C. S., sec. 7218), it was properly stricken from the cost bill.

[5, 6]   The assignment that the court erred in striking from the cost bill the item for witness fee and mileage for the witness Feenaughty presents a more serious question. Respondent argues that because this witness was a stockholder in appellant company and the owner of much of its capital stock, he did not appear simply as a witness, but as a litigant for the purpose of directing the cause. It may be conceded that this witness was interested in the litigation, yet he was not a party to the action. And while it is axiomatic that the right to recover costs is statutory, our statutes on this subject do not contain any provision that witnesses in a cause who may have some interest in the controversy will be denied fees for their attendance, together with mileage. The weight of authority would seem to be that officers, agents and employees of a corporation which is a successful party to a suit are none the less entitled to witness fees and mileage for their attendance upon the trial when called as witnesses. (*Salmon Creek Lumber & Min. Co. v. Dusenberry* (Pa.), 2 Chest. Co. Rep. 205; *Mutual Fire Ins. Co. v. Weller*, 98 Iowa, 731, 68 N. W. 443; *Parsons Band Cutter etc. Co. v. Sciscoe*, 129 Iowa, 631, 6 Ann. Cas. 1015, 106 N. W. 164; 15 C. J., p. 126, sec.

277; 7 R. C. L., p. 791, sec. 15; 50 Am. Dig. (Century ed.), col. 70, sec. 54.)

[7]  The point is sought to be made by respondent that where a witness comes from without the state, such as the witness Feenaughty in this case, his fee should not be taxed against the losing party.  There is no merit in this contention.  (*State v. Baird*, 13 Ida. 126, 135, 89 Pac. 298; *Anderson v. Ferguson-Bach Sheep Co.*, 12 Ida. 418, 10 Ann. Cas. 395, 86 Pac. 41.)

That part of the order of the district court striking the witness fee and mileage claimed for W. O. Feenaughty is reversed, with directions to enter an order allowing such item.

[8]  The judgment obtained by appellant in the principal action was for a sum in excess of $100, in which circumstances it was entitled to necessary costs and disbursements; and as this appeal is from an order striking certain items from the cost bill submitted in connection with and as an incident of such judgment in favor of appellant, we are of the opinion that by reason of the conclusion reached appellant should be awarded costs of the appeal, and it is so ordered.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.